# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant CRAIG E. JOSEPH**
**United States Army, Appellant**

ARMY 20130089

Headquarters, Fort Stewart
Tiernan P. Dolan, Military Judge
Lieutenant Colonel Kent Herring, Acting Staff Judge Advocate

For Appellant: Major Amy E. Nieman, JA; Captain Robert N. Michaels, JA (on brief).

For Appellee: Lieutenant Colonel James L. Varley, JA (on brief).

28 March 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of absence without leave; two specifications of failure to obey a lawful general regulation; two specifications of wrongful use of a controlled substance; four specifications of larceny; and six specifications of wearing an unauthorized insignia, decoration, badge, ribbon, device, or lapel button, in violation of Articles 86, 92, 112a, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. 886, 892, 912a, 921, 934 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for thirty months, forfeiture of all pay and allowances, and reduction to E-1. The convening authority approved the adjudged sentence, except that he only approved 515 days of confinement.

Appellant's case is now before this court for review pursuant to Article 66, UCMJ. Appellant submitted the case upon its merits for review, but one of his

personal submissions pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.MA. 1982), has merit.[1]

Appellant was charged in separate specifications of stealing a Playstation 3 (Specification 2 of Charge V) and a Vizio television (Specification 3 of Charge V). At his providence inquiry, appellant stated that he stole the Playstation 3 and the television at the same time from the same room and the same owner.[2] "When a larceny of several articles is committed at substantially the same time and place, it is a single larceny even though the articles belong to different persons." *Manual for Courts-Martial, United States* (2008 ed.), pt. IV, ¶ 46.c.(1)(h)(ii). We grant relief by consolidating the specifications. *See United States v. Orr*, 20 M.J. 139 (C.M.A. 1985) (sum. disp.) (granting similar relief). Both items were charged as each having a value of less than $500. We affirm a larceny of some value. Although this relief reduces appellant's maximum possible confinement by six months, the sentencing landscape otherwise remains unchanged. The other factors announced in *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013), weigh in favor of our ability to reassess the sentence at our level, and we affirm the approved sentence.[3]

## CONCLUSION

Upon consideration of the entire record, including the matters raised pursuant to *Grostefon*, Specification 3 of Charge V is consolidated into Specification 2 of Charge V, which now reads as follows:

> In that Sergeant Craig E. Joseph, U.S. Army, did at or near Fort
> Stewart, Georgia, between on or about 20 January 2012 and on or about
> 27 January 2012, steal a Playstation 3, serial number CL913607433,

---

[1] The other matters submitted pursuant to *Grostefon* lack merit.

[2] The charge sheet and stipulation of fact both state that appellant stole those items between 20 January 2012 and 27 January 2012. Thus, it was logically possible as charged and stipulated that appellant stole those items separately. However, appellant's words during the providence inquiry establish that appellant stole both items contemporaneously.

[3] We comment briefly on appellant's claim that he suffered an unreasonable multiplication of charges when the government charged him with six violations of wearing unauthorized ribbons, badges, and a tab, when he improperly wore these items at the same time and place. Appellant improperly wore a Bronze Star Medal with "V" device, an Army Commendation Medal with "V" device, a Purple Heart with 2 Oak Leaf Clusters, a Parachutist Badge, Foreign Jump Wings, and a Ranger tab. These items all have different significance, and service members receive these items for different reasons. The government did not unreasonably multiply the charges by charging each violation separately.

and a Vizio television, serial number LUPDJCK0414169, of some value, the property of Specialist J.E.R.

The finding of guilty of Specification 3 of Charge V is set aside and that specification is dismissed. The remaining findings of guilty, to include Specification 2 of Charge V as modified, are affirmed. Reassessing the sentence on the basis of the error noted and the principles of *Winckelmann*, the sentence is affirmed.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court