UNITED STATES, Appellee

v.

Douglas K. WINCKELMANN, Lieutenant Colonel
U.S. Army, Appellant

No. 11-0280

Crim. App. No. 20070243

United States Court of Appeals for the Armed Forces

Argued September 17, 2013

Decided December 18, 2013

BAKER, C.J., delivered the opinion of the Court, in which
ERDMANN, J., and EFFRON, S.J., joined.  STUCKY and RYAN, JJ.,
each filed separate opinions concurring in the result.

Counsel

For Appellant:  Frank J. Spinner, Esq. (argued); Captain John L.
Schriver (on brief); Captain Brian D. Andes and Captain Kristin
McGrory.

For Appellee:  Captain Jessica J. Morales (argued); Major
Catherine L. Brantley and Major Robert A. Rodrigues (on brief);
Major Elizabeth A. Claus and Captain Edward J. Whitford.



Military Judge:  David L. Conn

**THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.**

Chief Judge BAKER delivered the opinion of the Court.

This case is before us following a remand to the lower court for, among other things, reassessment of the sentence. The facts upon which Appellant's convictions rest are detailed in the lower court's first opinion in this case as well as our previous opinion. United States v. Winckelmann, 70 M.J. 403, 404-06 (C.A.A.F. 2011); United States v. Winckelmann (Winckelmann I), No. ARMY 20070243, 2010 CCA LEXIS 390, at *4-*8, 2010 WL 4892816, at *1-*3 (A. Ct. Crim. App. Nov. 30, 2010) (unpublished). The current appeal is addressed to the lower court's sentence reassessment for Appellant's remaining convictions of one specification of attempted enticement of a minor, two specifications of indecent acts, two specifications of obstructing justice, all in violation of Article 134, UCMJ,[1] and four specifications of conduct unbecoming an officer in violation of Article 133, UCMJ.[2]

This appeal raises two questions.[3] First, did the United States Army Court of Criminal Appeals abuse its discretion by

---

[1] Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2012).

[2] United States v. Winckelmann (Winckelmann II), No. Army 20070243, 2012 CCA LEXIS 342, 2012 WL 3860024 (A. Ct. Crim. App. Aug. 30, 2012) (unpublished); Article 133, UCMJ, 10 U.S.C. § 933 (2012).

[3] The Court granted review of the following issue:

treating Appellant's case on remand as "within the zone of Sales reassessment," rather than ordering a rehearing?  United States v. Moffeit, 63 M.J. 40, 44 (C.A.A.F. 2006) (Baker, J., concurring in the result).  Second, to what extent, if at all, should courts of criminal appeals consider the factors identified in the concurring opinion in Moffeit when determining whether to conduct a sentence reassessment or, alternatively, order a sentence rehearing?

We conclude that based on the totality of circumstances, the Court of Criminal Appeals did not abuse its broad discretion in either deciding, in the first instance, to reassess the sentence or in arriving at the reassessed sentence in this case. Further, we hold that where the Court of Criminal Appeals conducts a reasoned and thorough analysis of the totality of the circumstances presented, greater deference is warranted on review before this Court.  However, these factors are illustrative rather than exhaustive or demonstrative benchmarks.

---

WHETHER THE ARMY COURT OF CRIMINAL APPEALS, AFTER DISAPPROVING THE FINDINGS OF GUILTY FOR CHARGE IV AND ITS SPECIFICATIONS AND AFTER CONSIDERING THIS HONORABLE COURT'S DECISION DISMISSING SPECIFICATION 3 OF CHARGE III, ERRED BY REASSESSING APPELLANT'S SENTENCE TO CONFINEMENT, FIRST FROM 31 YEARS TO 20 YEARS (IN THEIR INITIAL DECISION), AND THEN FROM 20 YEARS TO 11 YEARS (IN A SUBSEQUENT DECISION), RATHER THAN DIRECTING A SENTENCE REHEARING.

BACKGROUND

At trial, Appellant pled guilty to two specifications of indecent acts and two specifications of unbecoming conduct, all stemming from allegations that Appellant had videotaped himself engaged in sexual acts with two others.  Contrary to his pleas, a panel of members convicted him of a variety of other offenses.[4] He was sentenced to a dismissal, confinement for thirty-one years and forfeiture of all pay and allowances.  Winckelmann II, 2012 CCA LEXIS 342, at *2, 2012 WL 3860024, at *1.  During its initial review of this case, the United States Army Court of Criminal Appeals set aside one of three findings of guilty to attempted enticement of a minor and one finding of guilty of possession of child pornography.  Winckelmann I, 2010 CCA LEXIS 390, at *44, 2010 WL 4892816, at *14.  The court reassessed the

---

[4] Ultimately, Appellant was found guilty of several specifications charged under Article 133 and 134, UCMJ.  The Article 134, UCMJ, offenses were:

1) One specification of possession of child pornography.
2) Three specifications of attempting to entice a minor to engage in sexual activity.
3) Two specifications of communicating indecent language.
4) Two specifications of indecent acts.
5) Two specifications of obstructing justice.

The Article 133, UCMJ, findings included:

1) Two specifications of engaging in cybersex with whom Appellant believed to be a person under the age of sixteen.
2) Two specifications of possessing videotapes of Appellant engaged in sex acts with two others.

United States v. Winckelmann, No. 11-0280/AR

sentence and reduced the approved confinement of thirty-one years to twenty years.  Id.

Appellant filed a timely petition in this Court asserting that the lower court erred by affirming one of the two remaining enticement findings.  He also challenged the findings of guilt as to the Article 134, UCMJ, offenses on the ground that the specifications failed to allege the terminal elements.  This Court agreed with Appellant regarding the enticement offense and dismissed it.  70 M.J. at 409.  With respect to the other Article 134, UCMJ, offenses, the Court remanded for consideration of those findings in light of United States v. Fosler, 70 M.J. 225 (C.A.A.F. 2011).  Id.  We affirmed the remaining findings, vacated the sentence, and returned the case to the Judge Advocate General of the Army for remand to the Court of Criminal Appeals "for reassessment of the sentence, or if it determines appropriate, for the ordering of a rehearing on sentence."  Id.  On remand, the Court of Criminal Appeals dismissed two Article 134, UCMJ, indecent language findings, again reassessed the sentence and affirmed eleven years of confinement.  Winckelmann II, 2012 CCA LEXIS 342, at *11, 2012 WL 3860024 at *3.  Appellant again filed a timely petition in this Court asserting that the Court of Criminal Appeals erred by reassessing the sentence rather than ordering a rehearing on sentence.

As a result of the lower court's two reviews of this case and our previous review, the remaining findings of guilty include five specifications charged under Article 134, UCMJ, namely, one specification of attempted enticement of a minor, two specifications of indecent acts, and two specifications of obstructing justice.  In addition, four findings of guilty of conduct unbecoming an officer remain.  These remaining findings of guilty together carry a maximum penalty of a dismissal, forfeiture of all pay and allowances, and fifty-one years of confinement.  However, in the event of a rehearing on sentence, the convening authority could approve no greater period of confinement than thirty-one years, the sentence adjudged by the members at Appellant's court-martial.  The military judge calculated that Appellant's maximum exposure at his original sentencing hearing was 115 years.

## DISCUSSION

Three cases are central to defining the lower courts' authority in this area.  Jackson v. Taylor, 353 U.S. 569, 577 (1957), upheld the authority of boards of review to conduct sentence reassessments in the first instance.  United States v. Sales, 22 M.J. 305 (C.M.A. 1986), set the standard for sentence reassessment by the lower appellate courts intended to cure prejudicial error within a framework of broad discretion.  Finally, Moffeit reaffirmed Sales, but a separate concurrence in

the case raised the question whether this Court should identify factors to be considered in determining whether the lower court has abused its broad discretion in applying Sales. Moffeit, 63 M.J. at 43 (Baker, J., concurring in the result). Moreover, some of the courts of criminal appeals have begun applying these factors. See, e.g., United States v. Certa, No. ACM 38037, 2013 CCA LEXIS 807, at *35, 2013 WL 5460154, at *11 (A.F. Ct. Crim. App. Sept. 5, 2013) (unpublished); United States v. Gorski, 71 M.J. 729, 738 (A. Ct. Crim. App. 2012). We briefly review each of these controlling precedents in turn.

In Jackson v. Taylor, the appellant was convicted of premeditated murder and attempted rape, and received a life sentence. 353 U.S. at 570. The board of review set aside the murder conviction, reassessed the sentence and affirmed a term of confinement of twenty years. Id. Jackson argued before the Supreme Court that the board should have ordered a rehearing on sentence and that it lacked authority to impose the twenty-year sentence to confinement. Id. at 572. In response to this latter argument, the Court observed that military sentences are aggregate sentences not apportioned among the various offenses of which an accused is convicted. Id. at 574. Citing Article 66(c) of the Uniform Code,[5] the Court further concluded, "The board may 'affirm . . . such part or amount of the sentence, as

---

[5] Article 66(c), UCMJ, 10 U.S.C. § 866(c).

it finds correct . . . .' That is precisely what the review board did here." Id. at 576. The Court noted that Congress could have required the court-martial to enter a sentence on each separate offense, which would have made it easier for the boards of review to conduct reassessments of sentences. Id. at 578-79. However, Congress chose not to do so. The Court also reflected on some practical difficulties inherent in remanding a case to a new court-martial for a sentence hearing alone. Id. at 580. This, the Court noted, "would merely substitute one group of nonparticipants for another." Id. The Court went on to observe that:

> Congress thought the board of review could modify sentences when appropriate more expeditiously, more intelligently, and more fairly. Acting on a national basis the board of review can correct disparities in sentences and through its legally-trained personnel determine more appropriately the proper disposition to be made of the cases. Congress must have known of the problems inherent in rehearing and review proceedings . . . .

Id. Finally, the Court concluded that Congress could not have intended that rehearings be required in every case because "[s]uch a court-martial would be no more capable -- if as capable -- as a board of review." Id. at 581 n.12. Although Jackson conclusively established the review boards' authority to reassess sentences in appropriate cases, in light of certain dicta in Jackson, a certain amount of confusion arose as to the authority of the boards of review to order a rehearing on the

sentence alone.[6]  However, what confusion that might have arisen as a result of the dicta in Jackson was resolved by this Court in United States v. Miller, 10 C.M.A. 296, 27 C.M.R. 370 (1959). The Miller court discussed Jackson and reaffirmed that "a rehearing limited to sentence alone may be an appropriate and permissive remedy for the cure of errors not affecting findings."  10 C.M.A. at 299, 27 C.M.R. at 373.  This consistent practice has stood since 1959 without legislative amendment by Congress.

In Sales, this Court defined the standard by which a court of criminal appeals should determine its capacity to reassess a sentence.  Sales was convicted by members of indecent acts under Article 134, UCMJ, and sodomy under Article 125,[7] UCMJ.  22 M.J. at 306.  He received six months of confinement and a bad-conduct discharge.  Id.  The Court of Military Review found the indecent acts offense multiplicious with the Article 125, UCMJ, offense and dismissed the indecent acts offense.  Id.  It affirmed the Article 125, UCMJ, conviction and reassessed the sentence but concluded that the adjudged sentence was "clearly appropriate."

---

[6] This confusion arose from the following statement in Jackson, "Finally the petitioner suggests that the case should be remanded for a rehearing before the court-martial on the question of the sentence.  We find no authority in the Uniform Code for such a procedure and the petitioner points to none." 353 U.S. at 579.

[7] 10 U.S.C. § 925.

Id.  Sales argued the court's reassessment of his sentence

deprived him of his statutory right to be sentenced by court

members.  Id.  This Court affirmed.

> In some cases, the Court of Military Review may
> conclude that it cannot reliably determine what
> sentence would have been imposed at the trial level if
> the error had not occurred.  Under these
> circumstances, a rehearing on sentence is in order. .
> . .  On other occasions, the Court of Military Review
> may be convinced that even if no error had occurred at
> trial, the accused's sentence would have been at least
> of a certain magnitude.  Under those circumstances the
> Court of Military Review need not order a rehearing on
> sentence, but instead may itself reassess the
> sentence.

Id. at 307.  Distinguishing between reassessment under Article

59(a), UCMJ,[8] and appropriate-sentence review under Article

66(c), UCMJ, this Court held that "[I]f the court can determine

to its satisfaction that, absent any error, the sentence

adjudged would have been of at least a certain severity, then a

sentence of that severity or less will be free of the

prejudicial effects of error . . . ."  Id. at 308.

This Court returned to Sales in Moffeit, affirming anew the

Sales standard. "[I]f the court can determine to its

satisfaction that, absent any error, the sentence adjudged would

have been of at least a certain severity, then a sentence of

that severity or less will be free of the prejudicial effects of

error."  63 M.J. at 41.  However, the concurrence argued for a

---

[8] 10 U.S.C. § 859(a) (2012).

10

more transparent and predictable process by identifying illustrative factors this Court should consider in determining whether a court of criminal appeals has abused its discretion. Id. at 42.

We take this opportunity to affirm three principles. First, while there have been many changes to the UCMJ since Jackson was decided, the Jackson court's observations regarding the difficulties inherent in sentence rehearings and that court's conclusions regarding the reassessment powers of the boards of review are as apt today as then. In members cases it is impossible to remand for a rehearing on sentence before the same court-martial that convicted the accused. "A court-martial has neither continuity nor situs and often sits to hear only a single case. Because of the nature of military service, the members of a court-martial may be scattered throughout the world within a short time after a trial is concluded." Jackson, 353 U.S. at 579.[9] Remanding to a new court-martial "merely substitute[s] one group of nonparticipants in the original trial for another." Id. at 580. If, as the Supreme Court concluded in Jackson, the judge advocates who then comprised the boards of review could modify sentences "more expeditiously, more

_____

[9] The relevant language in Article 63, UCMJ, is virtually the same as it was at the time Jackson was decided: "Each rehearing under this chapter shall take place before a court-martial composed of members not members of the court-martial which first heard the case." 10 U.S.C. § 863.

intelligently, and more fairly" than a new court-martial, that is certainly the case with respect to today's military judges sitting on the courts of criminal appeals. Id.

Second, in light of the experience, training, and independence of military judges, courts of criminal appeals act with broad discretion when reassessing sentences for the reasons stated in Jackson. "We will only disturb the [lower court's] reassessment in order to prevent obvious miscarriages of justice or abuses of discretion." United States v. Harris, 53 M.J. 86, 88 (C.A.A.F. 2000) (quoting United States v. Hawes, 51 M.J. 258, 260 (C.A.A.F. 1999) (internal quotation marks omitted)).

Third, and finally, the Sales analysis is based on the totality of the circumstances presented. In this regard, the factors we enunciate today are among those illustrative, but not dispositive, points of analysis we would expect the lower appellate courts to consider when determining whether to reassess a sentence or order a rehearing. It is hoped that these factors will assist the courts of criminal appeals in carrying out this important function. These include:

(1) Dramatic changes in the penalty landscape and exposure. Compare Hawes, 51 M.J. at 260, and United States v. Davis, 48 M.J. 494, 495 (C.A.A.F. 1998), with United States v. Buber, 62 M.J. 476, 479

(C.A.A.F. 2006), United States v. Riley, 58 M.J. 305, 312 (C.A.A.F. 2003), and Harris, 53 M.J. at 88.

(2) Whether an appellant chose sentencing by members or a military judge alone. As a matter of logic, judges of the courts of criminal appeals are more likely to be certain of what a military judge would have done as opposed to members. This factor could become more relevant where charges address service custom, service discrediting conduct or conduct unbecoming.

(3) Whether the nature of the remaining offenses capture the gravamen of criminal conduct included within the original offenses and, in related manner, whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses.

(4) Whether the remaining offenses are of the type that judges of the courts of criminal appeals should have the experience and familiarity with to reliably determine what sentence would have been imposed at trial.

The Court of Criminal Appeals did not detail its analysis in this case; nor was it obligated to do so. Going forward, however, a reasoned analysis will be given greater deference than otherwise. Here, the record reflects that the lower court

considered the totality of circumstances, including the above factors, and applied the correct framework.  As a result, and in light of the totality of circumstances, as well as the deference we give to such decisions, we conclude that the court below did not abuse its discretion, nor do we discern any obvious miscarriage of justice.  Among other things, Appellant remained exposed to fifty-one years of confinement, which was otherwise limited by the thirty-one years adjudged at the original court-martial.  He also remained convicted of five offenses, which continued to reflect the gravamen of the original charges at court-martial:  use of the Internet to entice a child to have sex; obstruction of justice; and conduct unbecoming.  This also meant that much of the aggravating evidence introduced at trial remained relevant and could properly be considered by the Court of Criminal Appeals during its reassessment analysis.

## CONCLUSION

The decision of the United States Army Court of Criminal Appeals is affirmed.

United States v. Winckelmann, No. 11-0280/AR

STUCKY, Judge (concurring in the result):

"[A] precedent of [the Supreme] Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." Hutto v. Davis, 454 U.S. 370, 375 (per curiam), reh'g denied, 455 U.S. 1038 (1982); see United States v. Allbery, 44 M.J. 226, 228 (C.A.A.F. 1996) (holding that a lower court does not have the discretion to overrule the precedent of a superior court). By discussing at length and in a favorable light the Supreme Court's opinion in Jackson v. Taylor, 353 U.S. 569 (1957), the majority would have us believe that they have faithfully followed it. Such is not the case.

Jackson specifically asked the Supreme Court to remand his case for a rehearing on sentence. 353 U.S. at 579. The Supreme Court refused:

> We find no authority in the Uniform Code for such a procedure and the petitioner points to none. The reason is, of course, that the Congress intended that the board of review should exercise this power. This is true because the nature of a court-martial proceeding makes it impractical and unfeasible to remand for the purpose of sentencing alone. See United States v. Keith, 1 C.M.A. 442, 451, 4 C.M.R. 34, 43 (1952). Even petitioner admits that it would now, six years after the trial, be impractical to attempt to reconvene the court-martial that decided the case originally. A court-martial has neither continuity nor situs and often sits to hear only a single case. Because of the nature of military service, the members of a court-martial may be scattered throughout the world within a short time after a trial is concluded. Recognizing the impossibility of remand to the same court-martial, petitioner suggests as an alternative that the case

should be remanded for a rehearing before a new court-martial.  He admits that it would now be impractical for such a new court-martial to hear all of the evidence, and that the court would have to make its sentence determination on the basis of what it could learn from reading the record.  Such a procedure would merely substitute one group of nonparticipants in the original trial for another.  Congress thought the board of review could modify sentences when appropriate more expeditiously, more intelligently, and more fairly.  Acting on a national basis the board of review can correct disparities in sentences and through its legally-trained personnel determine more appropriately the proper disposition to be made of the cases.  Congress must have known of the problems inherent in rehearing and review proceedings for the procedures were adopted largely from prior law.  It is not for us to question the judgment of the Congress in selecting the process it chose.

Id. at 579–80 (emphasis added) (footnotes omitted).

Despite the clear language of Jackson, this Court has refused to follow it.  See, e.g., United States v. Sills, 56 M.J. 239, 239–40 (C.A.A.F. 2002) (per curiam); United States v. Boone, 49 M.J. 187, 195 (C.A.A.F. 1998); United States v. Sales, 22 M.J. 305, 307–08 (C.M.A. 1986); United States v. Miller, 10 C.M.A. 296, 297, 27 C.M.R. 370, 371 (1959).  Instead, we have required remand for a rehearing on sentence alone when the court below determines it "cannot reliably determine what sentence would have been imposed at the trial level if the error had not occurred," Sales, 22 M.J. at 307, or when there is a "dramatic change in the penalty landscape."  United States v. Riley, 58 M.J. 305, 312 (C.A.A.F. 2003) (internal quotation marks

2

omitted); <u>accord</u> <u>United States v. Buber</u>, 62 M.J. 476, 480 (C.A.A.F. 2006).

In this case, the majority asserts that we ignored <u>Jackson</u> in the past, and will continue to do so, because "certain dicta" in the opinion caused "confusion . . . as to the authority of the boards of review to order a rehearing on the sentence alone."  <u>Winckelmann</u>, __ M.J. at __ (8–9) & n.6.  The statement in <u>Jackson</u> that there was <u>no authority</u> in the Uniform Code for a rehearing on sentence alone is neither confusing nor a mere dictum.  353 U.S. at 579.  It is a core holding that this Court is required to follow.

The majority also affirms a standard for the Courts of Criminal Appeals to follow in reassessing a sentence:  The court can only affirm a sentence that did not exceed that which would have been adjudged by the court-martial, absent the error. <u>Winckelmann</u>, __ M.J. at __ (10) (citing <u>United States v. Moffeit</u>, 63 M.J. 40, 41 (C.A.A.F. 2006); <u>Sales</u>, 22 M.J. at 308). But the Supreme Court rejected a similar argument in <u>Jackson</u> as "based on pure conjecture.  No one could say what sentence the court-martial would have imposed [absent the error]. . . . Military law provides that one aggregate sentence must be imposed and the board of review may modify that sentence in the manner <u>it</u> finds appropriate."  353 U.S. at 578 (emphasis added).

United States v. Winckelmann, No. 11-0280/AR

This Court is authorized to "take action only with respect to matters of law."  Article 67(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 867(c) (2012).  Therefore, this Court's review of a Court of Criminal Appeals' sentence reassessment is limited to preventing "'obvious miscarriages of justice or abuses of discretion.'"  United States v. Nerad, 69 M.J. 138, 142 (C.A.A.F. 2010) (quoting United States v. Jones, 39 M.J. 315, 317 (C.M.A. 1994)).

The reassessed sentence was neither a miscarriage of justice nor an abuse of discretion.  Therefore, I concur in the judgment of this Court in affirming Appellant's reassessed sentence.

United States v. Winckelmann, No. 11-0280/AR

RYAN, Judge (concurring in the result):

I agree with Judge Stucky that the Jackson v. Taylor language about "rehearing on sentence alone is neither confusing nor a mere dictum," United States v. Winckelmann, __ M.J. __, __ (3) (C.A.A.F. 2013) (Stucky, J., concurring in the result), but a binding Supreme Court determination that: (1) the Uniform Code of Military Justice (UCMJ) does not provide for the Court of Criminal Appeals (CCA) to remand for a rehearing on sentence alone; and (2) Congress chose the process of sentence reassessment by the CCA after the CCA disapproves a finding, where a rehearing on that finding was not ordered. 353 U.S. 569, 579-80 (1957). But while the Supreme Court in Jackson appeared to hold squarely that rehearing on sentence alone was not a legally available option for the CCA, United States v. Miller, 10 C.M.A. 296, 299, 27 C.M.R. 370, 373 (1959), nonetheless, and inexplicably, held precisely to the contrary ("[T]he literal but entirely unreasonable construction of Article 66(d), supra, can easily be avoided merely by substituting 'or' for 'and,'" to construe the statute as stating "'findings or sentence.'"), precedent the majority follows in addressing the question before us.

Yet no party has asked us to overrule Miller, however flawed its holding is, let alone explained the reasons for ignoring stare decisis with respect to a case that has been the

rule in this Court on an issue that is statutory, rather than constitutional in nature, for a very long time.  See, e.g., Flood v. Kuhn, 407 U.S. 258, 282 (1972) ("[Our past decision produced] an aberration that has been with us now for half a century, one heretofore deemed fully entitled to the benefit of stare decisis . . . ."); see also Hilton v. South Carolina Pub. Rys. Comm'n, 502 U.S. 197, 202 (1991) ("Considerations of stare decisis have special force in the area of statutory interpretation, for here, unlike in the context of constitutional interpretation, the legislative power is implicated, and Congress remains free to alter what we have done." (citation and quotation marks omitted)).

Regardless, I disagree with the majority that the CCA is required to explain its reasoning on the record in order to be afforded "greater" deference in its decision to reassess the sentence rather than order a rehearing on sentence. Winckelmann, __ M.J. at __ (13).  It is unclear how one provides CCAs with more deference than this Court's extant recognition that CCAs have a "highly discretionary power." United States v. Lacy, 50 M.J. 286, 287 (C.A.A.F. 1999).

In this case, the CCA reassessed the sentence.  Given that the authority to reassess the sentence derives from Article 66(c), UCMJ, 10 U.S.C. § 866(c) (2012), the same highly deferential review of the reassessed sentence is warranted that

2

United States v. Winckelmann, No. 11-0280/AR

we give to any other review under Article 66(c), UCMJ.
Winckelmann, __ M.J. at __ (3-4) (Stucky, J., concurring in the
result); United States v. Nerad, 69 M.J. 138, 140, 146-47
(C.A.A.F. 2010). I respectfully concur in the result.