# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, ALDYKIEWICZ, and MARTIN
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class SLADE E. MCKIM-BURWELL**
**United States Army, Appellant**

ARMY 20120719

Headquarters, Fort Riley
Jeffery R. Nance, Military Judge
Lieutenant Colonel John M. Hamner, Staff Judge Advocate

For Appellant: Major Jacob D. Bashore, JA; Captain Susrut A. Carpenter, JA.

For Appellee: Major Robert A. Rodriguez, JA.

20 February 2014

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of knowingly and wrongfully possessing some visual depictions involving the use of minors engaging in sexually explicit conduct, and one specification of knowingly and wrongfully possessing some visual depictions of minors as sexual objects or in a sexually suggestive way. Both specifications were in violation of Article 134, Uniform Code of Military Justice (Clauses 1 and 2). 10 U.S.C. § 934 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for twenty months, forfeiture of all pay and allowances, and reduction to the grade of E-1. Pursuant to a pretrial agreement, the convening authority approved only seven months confinement and the remainder of the sentence.

On 7 January 2013, this court affirmed the findings of guilty and the sentence. *United States v. McKim-Burwell*, ARMY 20120719 (Army Ct. Crim. App. 7 Jan. 2013). On 7 February 2014, the Court of Appeals for the Armed Forces reversed our decision as to Specification 2 of The Charge, set aside the finding of guilty of

Specification 2 of The Charge, affirmed our decision as to the remaining findings, and returned the case to The Judge Advocate General of the Army for remand to this court to reassess the sentence. *United States v. McKim-Burwell*, __ M.J. ___ (C.A.A.F. February 7, 2014) (summ. disp.).

Upon remand from our higher court, we are confident, considering the remaining findings of guilt, that we can reassess appellant's sentence at our level. *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013); *United States v. Sales,* 22 M.J. 305, 307 n.3 (C.M.A. 1986). The appellant remains convicted of a Clause 1 and 2 Article 134, UCMJ offense, knowingly and wrongfully possessing some visual depictions involving the use of minors engaging in sexually explicit conduct (child pornography).[*] Appellant's approved sentence to a reduction to E-1, total forfeiture of all pay and allowances, seven months confinement, and a bad-conduct discharge is substantially below the maximum punishment. Appellant elected trial by judge alone and we "are more likely to be certain of what a military judge would have done as opposed to members." *Winckelmann*, 73 M.J. at 16. Moreover, the remaining specification fully captures the gravamen of appellant's criminal conduct. Finally, we have extensive experience with the remaining conviction, and we are confident that we can reliably assess what sentence a military judge would have imposed on the remaining findings of guilt. *Id*.

Consequently, we are confident the military judge would have adjudged a sentence no less severe than that approved by the convening authority in this case. Additionally, we find that the sentence approved by the convening authority is appropriate. *See* UCMJ art. 66.

## CONCLUSION

The remaining findings of guilt have been previously affirmed by both this court and the Court of Appeals for the Armed Forces. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *Wincklemann*, the sentence, as approved by the convening authority, is AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*] We note that this offense alone carries a maximum punishment of 10 years confinement.