# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 CORY D. WILLIER**
**United States Army, Appellant**

ARMY 20121005

Headquarters, Fort Bliss
Timothy P. Hayes, Jr., Military Judge (arraignment)
Michael J. Hargis, Military Judge (trial)
Colonel Edward K. Lawson IV, Staff Judge Advocate

For Appellant:  Captain A. Jason Nef, JA; Captain Brian D. Andes, JA.

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Daniel H. Karna, JA.

7 March 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

Upon review of the entire record pursuant to Article 66(c), UCMJ, to include the briefs submitted by the parties, we affirm only so much of the finding of guilty of Specification 3 of Charge II as provides that: "On or about 11 July 2012 and on or about 12 July 2012, the accused, having personal knowledge of a lawful order issued by Sergeant B.P. on 15 June 2012, to wit: not to operate a vehicle on Fort Bliss, Texas, an order which it was his duty to obey, did fail to obey the same by operating a vehicle on Fort Bliss."  Appellant pleaded guilty to, *inter alia*, this Article 92, UCMJ, specification and charge which originally alleged appellant violated the lawful order "on or about 11 July 2012 and on or about 12 July 2012, *on divers occasions* . . . ." (emphasis added).  Appellant admitted during the providence inquiry and in the stipulation of fact that he violated the order once on 11 July 2012 and once on 12 July 2012, rather than violating the order multiple times on 11 July 2012 and multiple times on 12 July 2012.  We have also considered those matters personally raised by appellant pursuant to *United States v. Grostefon*,

12 M.J. 431 (C.M.A. 1982) and find they are without merit. The remaining findings of guilty and the sentence are affirmed. *See United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986); *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the finding set aside by this decision, are hereby ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court