# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist LARRY G. LOVELL, JR.**
**United States Army, Appellant**

ARMY 20111006

Headquarters, III Corps and Fort Hood
Patricia H. Lewis, Military Judge
Lieutenant Colonel Craig E. Merutka, Acting Staff Judge Advocate

For Appellant: Major Candace N. White-Halverson (argued); Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Major Candace N. White Halverson (on brief); Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Major Candace N. White-Halverson, JA (on brief on specified issues). Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Amy E. Nieman, JA; Major Candace N. White-Halverson, JA (on reply brief on request for reconsideration)

For Appellee: Captain Daniel M. Goldberg (argued); Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain Daniel M. Goldberg, JA (on brief); Colonel John P. Carrell, JA; Major Robert Rodrigues, JA; Major Catherine L. Brantley, JA; Captain Daniel M. Goldberg, JA (on brief on specified issues); Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley (on request for reconsideration)

30 May 2014

-------------------------------------------------------------------
SUMMARY DISPOSITION ON RECONSIDERATION
-------------------------------------------------------------------

CAMPANELLA, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of desertion with intent to shirk important service, absence without leave, and missing movement by design, in violation of Articles 85, 86, and 87 of the Uniform Code of Military Justice, 10 U.S.C. §§ 885, 886, and 887 [hereinafter UCMJ]. After entry of findings, an officer panel sentenced appellant to a bad-conduct discharge, confinement for six months, and reduction to the grade of

E-1.  The convening authority approved the sentence as adjudged and awarded appellant with nine days of confinement credit.

On 31 March 2014, we issued an opinion in this case wherein we affirmed findings of guilty for desertion with intent to shirk important service and absence without leave.  As to Charge III and its Specification, missing movement by design, we affirmed a finding of guilty to the lesser included offense of missing movement through neglect.  We then reassessed the sentence and affirmed a sentence of no punishment.

On 30 April 2014, the government asked this court to reconsider our opinion and suggested reconsideration by the court en banc.  Appellant based this request on the court's alleged misapplication of law regarding the remedy provided for the errors found in this case.  The government asserts the military judge's abuse of discretion in granting a government causal challenge against a member solely on the basis of the panel member's status as a conscientious objector resulted in a "null and void" panel sentence.  The government asserts this court was, therefore, left with no sentence for our court to reassess and hence, improperly sentenced appellant rather than reassessed the sentence.

On 14 May 2014, appellant filed a response to the government's motion to reconsider, arguing that the sentence was not null and void.  Appellant argues that this court's previous reassessed sentence was appropriate and a proper exercise of our statutory authority.

Appellant's suggestion for reconsideration by the court en banc is not adopted.  Appellant's request for reconsideration, however, is granted.  Contrary to appellant's assertion, we find that the sentence provided by the panel, based on the facts before us, while tainted by error, was not and is not null and void.

We leave undisturbed our original opinion and AFFIRM the findings of guilty for Charge I and its Specification and Charge II and its Specification.  As to Charge III and its Specification, we again AFFIRM a finding of guilty to the lesser included offense of missing movement through neglect.

In consonance with our original opinion, we reassess the sentence based on the noted errors and the amended findings of guilty.  We are able to reassess the sentence on the basis of the errors noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).  In evaluating the *Winckelmann* factors, we find the first factor weighs in favor of the appellant in that there is no dramatic change in the penalty landscape or exposure that might cause us pause in reassessing appellant's sentence. The second factor weighs in favor of the government in that appellant was sentenced

by a panel.  We find the nature of the remaining offenses captures the gravamen of the original offenses.  Finally, based on our experience we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

Accordingly, we AFFIRM a sentence of no punishment.

We find this purges the errors in accordance with *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013).  "If the court can determine to its satisfaction that, absent any error, the sentence adjudged would have been at least or certain severity, than a sentence of that severity *or less* will be free of the prejudicial effects of error," *Sales*, 22 M.J. at 308 (emphasis added).  This sentence is also appropriate under Article 66(c), UCMJ.  All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings and sentence set aside by our decision, are ordered restored.

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Chief Deputy Clerk of Court