# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist HENRY L. WILLIAMS III**
**United States Army, Appellant**

ARMY 20130284

Headquarters, XVIII Airborne Corps and Fort Bragg
Tara A. Osborn, Military Judge (arraignment)
David H. Robertson, Military Judge (trial)
Colonel Paul S. Wilson, Staff Judge Advocate (pretrial)
Lieutenant Colonel James A. Bagwell, Staff Judge Advocate (recommendation)

For Appellant: Colonel Kevin Boyle, JA; Major Vincent T. Shuler, JA; Captain Michael J. Millios, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain Rachel T. Brant, JA (on brief).

14 March 2016

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of failure to go to his appointed place of duty, disobedience of a superior commissioned officer, disobedience of a noncommissioned officer (two specifications), false official statement, wrongful use of marijuana, larceny (three specifications), housebreaking (two specifications), and bigamy in violation of Articles 86, 90, 91, 107, 112a, 121, 130, and 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. §§ 886, 890, 891, 907, 912a, 930, 934 (2006). The military judge convicted appellant, contrary to his pleas, of two specifications of larceny in violation of Article 121, UCMJ. The military judge sentenced appellant to a bad-conduct discharge and confinement for eighteen months. In accordance with a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge and fifteen months of confinement.

The convening authority also credited appellant with 123 days against the sentence to confinement.

On 28 August 2014, this court affirmed the findings of guilty and the sentence. *United States v. Williams*, ARMY 20130284, 2014 CCA LEXIS (C.A.A.F. 28 August 2014) (mem. op.). On 23 February 2016, the United States Court of Appeals for the Armed Forces (CAAF) reversed this court's decision as to Specifications 1 and 2 of Charge VI (larceny of money using stolen debit card numbers to obtain goods and services) and as to the sentence but affirmed the decision in all other aspects. *United States v. Williams,* 75 M.J. __, 2016 CAAF LEXIS 122 (C.A.A.F. 23 Feb 2016). The CAAF returned the record of trial to The Judge Advocate General for remand to this court for a sentence reassessment or an order for a sentence rehearing.

Because we conclude that we can "reliably determine what sentence would have been imposed at the trial level of the error had not occurred, "we need not order a rehearing on the sentence." *United States v. Sales*, 22 M.J. 305, 307 (C.M.A. 1986). Reassessing the sentence on the basis of the error noted, the entire record, and applying the principles of *Sales*, 22 M.J. at 308, and *United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013), we are confident appellant would have received a sentence at least as severe as the approved sentence of a bad-conduct discharge and fifteen months confinement. The approved sentence is AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2