# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant GARY J. ELOI**
**United States Army, Appellant**

ARMY 20150382

Headquarters, U.S. Army Fires Center of Excellence and Fort Sill
Charles L. Pritchard, Jr., Military Judge
Colonel David E. Mendelson, Staff Judge Advocate

For Appellant:  Major Christopher D. Coleman, JA; Captain J. David Hammond, JA.

For Appellee:  Major John K. Choike, JA.

12 April 2016

------------------------------------
SUMMARY DISPOSITION
------------------------------------

Per curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of aggravated assault and one specification of assault consummated by a battery, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (2012) [hereinafter UCMJ].  The military judge sentenced appellant to a dishonorable discharge, confinement for eighteen months, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant personally raises four matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), one of which merits discussion and relief.

The military judge found appellant guilty, pursuant to his plea, of Specification 2 of The Charge, assault consummated by a battery, on divers occasions between on or about 1 September 2014 and on or about 9 October 2014, for unlawfully striking TR, a child under the age of 16 years, on the hands and buttocks with a knotted rope.  Our examination of the record finds evidence to support the allegation that appellant unlawfully struck TR on the hands with a knotted rope on divers occasions, but there was evidence to support appellant

unlawfully struck TR on the buttocks with a knotted rope on only one occasion. Consequently, we will provide relief in our decretal paragraph by deleting the words "and buttocks" from Specification 2 of The Charge.[*]

## CONCLUSION

Upon consideration of the entire record, including the matters submitted pursuant to *Grostefon,* the court affirms only so much of the finding of guilty of Specification 2 of The Charge as finds that:

> [Appellant], U.S. Army, did, at or near Fort Sill,
> Oklahoma, between on or about 1 September 2014 and on
> or about 9 October 2014, on divers occasions, unlawfully
> strike TR, a child under the age of 16 years, on the hands
> with a knotted rope.

The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the amended findings, and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). In evaluating the *Winckelmann* factors, we first find no change in the penalty landscape or the gravamen of appellant's criminal conduct.

Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *Winckelmann*, 73 M.J. at 15-16, we AFFIRM the sentence. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his findings set aside by this decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[*] We note an administrative error in the Staff Judge Advocate's Post-Trial Recommendation regarding Specification 2 of The Charge. The Corrected Copy of the Dep't of Defense Form 2707-1, Report of Result of Trial (Mar. 2013) (DD Form 2707-1), included as an enclosure to the Staff Judge Advocate's Post-Trial Recommendation, fails to except the word "back" in Specification 2 of The Charge. This is inconsistent with the finding of the military judge. We find no prejudice to appellant, however, since the Record of Trial, containing the correct finding of the military judge, is also included as an enclosure to the Staff Judge Advocate's Post-Trial Recommendation.