# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Captain JONATHAN MARTINEZ**
**United States Army, Appellant**

ARMY 20150474

Headquarters, U.S. Army Intelligence Center of Excellence and Fort Huachuca
Timothy B. Hayes, Jr. and Michael J. Hargis, Military Judges
Lieutenant Colonel Cory J. Young, Acting Staff Judge Advocate (pretrial)
Colonel Joseph A. Keeler, Staff Judge Advocate (post-trial)

For Appellant:  Colonel Mary J. Bradley, JA; Lieutenant Colonel Melissa R. Covolesky, JA; Captain Heather L. Tregle, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Cormac M. Smith, JA; Captain Cassandra M. Resposo, JA (on brief).

29 June 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

An officer panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of disobeying a superior commissioned officer, one specification of violating a lawful general regulation, and two specifications of assault consummated by battery in violation of Articles 90, 92, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 892, 928 (2012) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a dismissal and confinement for ninety days.

This case is before us for review under Article 66, UCMJ.  Appellate defense counsel assigns two errors to this court.  After due consideration, we find one of the assigned errors warrants discussion and relief.

## BACKGROUND

In the Specification of Charge II, appellant was charged with violating a lawful general regulation in violation of Article 92, UCMJ, as follows:

> SPECIFICATION:  In that [appellant], U.S. Army, did, at or near Sierra Vista, Arizona, between on or about 1 February 2014, and on or about 31 May 2014, violate a lawful general regulation, to wit: para. 4-14c(2), Army Regulation 600-20, dated 18 March 2008, by wrongfully engaging in sexual acts with Staff Sergeant [(SSG) RE].

At trial, the military judge instructed the panel on the elements for this specification:

> First, that there was in existence a certain lawful general regulation in the following terms:  Army Regulation 600-20, paragraph 4-14c(2), dated 18 March 2008, which prohibits sexual relationships between officers and enlisted personnel except as specified therein;
>
> Second, that [appellant] had a duty to obey such regulation; and
>
> Third, that at or near Sierra Vista, Arizona, between on or about 1 February 2014 and 31 May 2014, [appellant] violated this lawful regulation by wrongfully engaging in sexual acts with [SSG RE].

The military judge did not define "wrongfully" in the context of the Article 92, UCMJ, violation.  After completing instructions on the elements for the balance of the contested specifications,[*] the military judge advised:

> The evidence has raised the issue of mistake on the part of [appellant] concerning [SSG RE's] status as an enlisted Soldier.  [Appellant] is not guilty of the offense and The Specification of Charge II and Charge II if one, he mistakenly believed [SSG RE] was not an enlisted Soldier and two, such belief on his part was reasonable. To be reasonable, the belief must have been based on the information or lack of it which would indicate to a

---

[*] Charge III consisted of four specifications of assault consummated by battery in violation of Article 128, UCMJ.

> reasonable person that [SSG RE] was not an enlisted Soldier. Additionally, the mistake cannot be based on an intentional or negligent failure to discover the true facts.

> "Negligence" is the absence of due care.

> "Due care" is what a reasonably careful person would do under the same or similar circumstances.

There were no further instructions exclusively related to the Specification of Charge II.

## LAW AND DISCUSSION

Appellant asserts the military judge erred by failing to instruct the panel on the *mens rea* required for an Article 92, UCMJ, violation of the Army Regulation 600-20 provision that prohibits officers from engaging in sexual acts with enlisted personnel. Specifically, appellant cites *United States v. Gifford*, 75 M.J. 140 (C.A.A.F. 2016), a case decided by our superior court after appellant's court-martial that directs the military judge to address the unstated *mens rea* required for a conviction of an Article 92, UCMJ, offense. Appellant argues the military judge's instructions did not inform the panel of the government's requirement to prove beyond a reasonable doubt appellant knew or was reckless as to whether SSG RE was an enlisted soldier when they engaged in a sexual relationship.

In its brief, the government concedes the military judge should have determined the proper *mens rea* was recklessness under *Gifford*, but argues language in the military judge's mistake of fact instruction addressing appellant's "belief" about SSG RE's enlisted status implies the general intent necessary to convict for violating Article 92, UCMJ: "Given the context of the overall message, using both the term 'wrongful' and providing a mistake of fact instruction, the military judge put the panel on notice and provided sufficient instruction to apply general intent." We do not agree with this rationale, considering the military judge did not define the term "wrongful" and did not provide the mistake of fact instruction contemporaneous with his instructions on Charge II. Concluding appellant was not prejudiced under these circumstances is a leap we are not willing to take.

Here, *Gifford* was decided after appellant's court-martial; the military judge did not have the benefit of our superior court's opinion during appellant's trial. Nonetheless, appellant is entitled to avail himself of a "new rule" when the law changes while his case is on direct appeal. *See United States v. Harcrow*, 66 M.J. 154, 160-61 (C.A.A.F. 2008) (Ryan, J., concurring). As a result, the military judge's findings instructions to the panel were not sufficient regarding the *mens rea* required to make appellant's violation of the lawful general regulation wrongful. We will take appropriate action in our decretal paragraph.

## CONCLUSION

The findings of guilty of Charge II and its Specification are set aside and Charge II is DISMISSED. The remaining findings of guilty are AFFIRMED. We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986). Based on the entire record and appellant's course of conduct, we are confident the panel would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence.

We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

FOR THE COURT:

JOHN P. TAITT
Acting Clerk of Court

4