# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, CELTNIEKS, and HAGLER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant MICHAEL G. WALKER**
**United States Army, Appellant**

ARMY 20160540

Headquarters, 8th Theater Sustainment Command
Mark A. Bridges, Military Judge
Lieutenant Colonel LaJohnne A.W. Morris, Acting Staff Judge Advocate (pretrial)
Lieutenant Colonel Ryan B. Dowdy, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Christopher D. Carrier, JA; Major Katherine L. DePaul, JA (on brief).

For Appellee: Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Michael E. Korte, JA; Lieutenant Colonel Karen J. Borgerding, JA (on brief).

26 December 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court martial convicted appellant, contrary to his pleas, of one specification of possessing child pornography, and pursuant to his pleas, of three specifications of wrongfully soliciting payment for sexual contact, all in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934 (2012 & Supp. I 2014). The military judge sentenced appellant to a dishonorable discharge, confinement for twenty-seven months, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

The case is before this court for review under Article 66, UCMJ. Appellant raises one error: sufficient evidence was not admitted to find appellant's conduct was "to the prejudice of good order and discipline in the armed forces," as charged. Appellant asks that the language be dismissed from all four specifications. Appellee concedes the lack of proof and concurs with appellant's request to dismiss the language from each specification.

Additionally, appellant personally raises three matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), which we have reviewed and do not merit relief.

We find the evidence introduced at trial did not support a finding that appellant's conduct was prejudicial to good order and discipline. Despite the failure of proof on this issue, we find the evidence is sufficient to conclude beyond a reasonable doubt that appellant was guilty of each offense.

**DISCUSSION**

Appellant was charged with four specifications of violating Article 134, UCMJ, each containing the terminal element, "such conduct being to the prejudice of good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces." Appellant entered a mixed plea: guilty to Specifications 2, 3, and 4 of The Charge for wrongful solicitation of sexual contact for money; but not guilty to Specification 1 of The Charge for possession and viewing of child pornography.

Regarding Specifications 2, 3, and 4, appellant's sworn testimony during the providence inquiry showed his conduct—seeking payment for sexual services on a public website—was service discrediting, satisfying the definition provided by the military judge. In contrast, appellant's responses to the military judge clearly indicated he was not admitting his conduct was prejudicial to good order and discipline, and the judge did not question appellant further on this issue. Likewise, the stipulation of fact is silent on the issue of prejudice to good order and discipline, although it contains ample evidence and appellant's own acknowledgement that his conduct was service discrediting. As a result, despite appellant's pleas, this court lacks a sufficient basis to affirm the "prejudice to good order and discipline" language in these three specifications.

A similar situation emerged during the contested portion of trial on the first specification. The government introduced sufficient evidence to find appellant's possession of child pornography was service discrediting, but it offered no direct evidence and did not argue that this conduct was prejudicial to good order and discipline. As a result, relying solely on the record, we find insufficient evidence that the conduct for which appellant was convicted was prejudicial to good order and discipline.[*]

The terminal element in each specification was alleged as both service discrediting and prejudicial to good order and discipline. Although this court cannot affirm the "prejudice to good order and discipline" language in any of the four

---

[*] In Specification 1, appellant was charged with both possessing and viewing pictures and videos of child pornography. The military judge found him guilty only of possession.

specifications, the evidence admitted at trial—through the government's case-in-chief, the providence inquiry, or the stipulation of fact—showed beyond a reasonable doubt that appellant's conduct was service discrediting.

## CONCLUSION

The findings of guilty to The Charge and each specification, excepting the words "to the prejudice of good order and discipline in the armed forces and" from each specification, are AFFIRMED. The excepted words are set aside and dismissed.

We are able to reassess the sentence on the basis of the error noted, the entire record, and in accordance with the principals of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). Based on the entire record and appellant's course of conduct, we are confident that the military judge would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence.

FOR THE COURT:

JOHN P. TAITT
Acting Clerk of Court