# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, FEBBO, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant RANDY L. SIMPSON, JR.**
**United States Army, Appellant**

ARMY 20140126

Headquarters, I Corps
Jeffery D. Lippert and David L. Conn, Military Judges
Lieutenant Colonel Christopher A. Kennebeck, Acting Staff Judge Advocate

For Appellant: Major Todd W. Simpson, JA; Captain Joshua B. Fix, JA (on brief on second remand).

For Appellee: Colonel Tania M. Martin, JA; Lieutenant Colonel Eric K. Stafford, JA; Captain Marc B. Sawyer, JA (on brief on second remand).

17 May 2018

-------------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REMAND
-------------------------------------------------------------------

Per Curiam:

This case is again before this court under Article 66, Uniform Code of Military Justice, 10 U.S.C. §§866 (2012) [UCMJ], for a sentence reassessment following a further remand from the Court of Appeals for the Armed Forces (CAAF).

When we first saw this case, we summarily affirmed appellant's conviction for larceny and conspiracy to commit larceny and the sentence. *United States v. Simpson*, ARMY 20120126 (Army Ct. Crim. App. 18 Dec. 2015). The CAAF subsequently remanded this case for consideration of whether the military judge abused his discretion in accepting appellant's plea by failing to establish a sufficient factual basis that Credit First National Association (CFNA) was the victim of appellant's offenses. *United States v. Simpson*, 75 M.J. 371 (C.A.A.F. 2016) (order). We determined that JPMorgan Chase, not CFNA, should have been charged as the victim of appellant's misdeeds and, accordingly, set aside the findings of guilty and sentence. *United States v. Simpson*, ARMY 20140126, 2017 CCA LEXIS 132 (Army Ct. Crim. App. 1 Mar. 2017) (mem. op.). On 19 March 2018, the CAAF

reversed in part and affirmed in part, and returned this case for a sentence reassessment. *United States v. Simpson*, __ M.J. __, 2018 CAAF LEXIS 176, *13 (C.A.A.F. 19 Mar. 2018). The CAAF, while agreeing with this court that CFNA was not the proper victim of a larceny, nonetheless upheld the conviction for conspiracy, reasoning that this was an inchoate offense, completed upon appellant's agreement with his co-actor to use CFNA funds to pay personal debts. *Id.* at *11-*12 For similar reasons, the CAAF agreed with this court in setting aside appellant's larceny conviction, but affirmed a finding of guilty as to the lesser offense of attempted larceny. *Id.* at *12-*13.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). In evaluating the *Winckelmann* factors, we first find there is no change in the penalty landscape that might cause us pause in reassessing appellant's sentence. Additionally, appellant was tried and sentenced at a general court-martial by a military judge and the nature of the offenses after the CAAF's decision, still captures the gravamen of the original offenses and the circumstances surrounding appellant's conduct. Finally, based on our experience, we are familiar with the offenses affirmed by the CAAF so that we may reliably determine what sentence would have been imposed at trial. We are confident that based on the entire record and appellant's course of conduct, the military judge would have imposed a sentence of at least that which was adjudged.

Reassessing the sentence based on the noted errors and entire record, we AFFIRM the sentence as adjudged.

## CONCLUSION

We do not take any action on the findings of guilty in this case in light of CAAF's decision. The sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by the CAAF's decision are ordered restored.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court