# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BROOKHART, SALUSSOLIA, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist LUKE D. ENGLISH**
**United States Army, Appellant**

ARMY 20160510

Headquarters, Fort Bliss
Michael J. Hargis and Kurt J. Bohn, Military Judges
Colonel Charles C. Poché, Staff Judge Advocate

For Appellant: Lieutenant Colonel Christopher D. Carrier, JA; Captain Bryan T. Osterhage, JA; Captain Heather M. Martin, JA (on brief); Lieutenant Colonel Tiffany M. Chapman, JA; Major Todd W. Simpson, JA; Captain Heather M. Martin, JA (on reply brief).

For Appellee: Colonel Tania M. Martin, JA; Captain Austin Fenwick, JA; Captain KJ Harris, JA (on brief).

8 November 2019

---------------------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

Per Curiam:

On remand from our superior court, appellant's case is before us for a sentence reassessment. After considering the totality of the circumstances presented by appellant's case, as well as the factors outlined in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), we find that we can reassess appellant's sentence, and provide sentence relief in the decretal paragraph.

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of attempted rape, four specifications of rape, one specification of sexual assault, six specifications of assault consummated by a battery, one specification of kidnapping, one specification of communicating a threat, and two specifications of obstructing justice, in violation of Articles 80, 120,

128, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 920, 928, and 934 [UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for twenty-three years, and reduction to E-1. The convening authority approved the sentence as adjudged, and credited appellant with 152 days against the sentence to confinement.

In our previous review of this case pursuant to Article 66, UCMJ, this court set aside the findings of guilty for four specifications of assault consummated by a battery, and affirmed the remaining findings of guilty.[1] In doing so, this court reassessed appellant's sentence, affirming a sentence of a dishonorable discharge, confinement for twenty-two years, and reduction to E-1. *See United States v. English*, 78 M.J. 569 (Army Ct. Crim. App. 2018).

Our superior court granted review of appellant's case, set aside and dismissed one specification of rape, and remanded appellant's case to this court for a sentence reassessment.[2] *See English*, 79 M.J. at 122-23. On remand, appellant elected not to file additional pleadings related to the sentence reassessment.

## BACKGROUND

In 2015, appellant was stationed at Fort Bliss where he lived with his second wife, DE, along with two children.[3] In early August 2015, appellant and DE separated. They had no more sexual contact, but continued living in the same home until DE found other housing. Appellant's girlfriend, JM, was also living in the house at that time.

DE separated her bank accounts from appellant before making arrangements to move out. This action angered appellant, and he began threatening her with violence. Later in August, appellant sexually assaulted DE in the shower of their

---

[1] This court affirmed the finding of guilty for Specification 6 of Charge I by excepting the words "to wit: grabbing her head with his hand." Our affirmance of Specification 6 of Charge I with excepted language was the subject of our superior court's review in *United States v. English*, 79 M.J. 116 (C.A.A.F. 2019).

[2] This court will reassess appellant's sentence for the findings of guilty that remain, that is, one specification of attempted rape, three specifications of rape, one specification of sexual assault, two specifications of assault consummated by a battery, one specification of kidnapping, one specification of communicating a threat, and two specifications of obstructing justice.

[3] One of the children was appellant's and DE's biological daughter, and another was appellant's biological daughter (DE's step daughter).

home. He told her that she was "raping" him financially and he wanted her to feel the same. She did not initially report the sexual assault.

On 18 September, appellant asked DE's permission to allow JM to style his daughter's hair. DE said no, but appellant told JM to style his daughter's hair anyway, leading JM to believe DE had authorized it. Upon learning of this, DE became upset and texted JM, advising her that appellant was untrustworthy. JM then ended her relationship with appellant.

When DE returned to the house from dinner that night, appellant, dressed in his complete Class A uniform, was in the yard burning their computer. Appellant, who was noticeably intoxicated, threatened to commit suicide and then threatened to kill DE because of her involvement in the end of his relationship with JM. In the presence of their three-year-old daughter, appellant dragged and beat DE before restraining her with duct tape. After this, appellant sent a photograph of DE, bound with the duct tape, to JM. Among other physical and sexual offenses, appellant then choked, raped, and anally sodomized DE.

Later that night, appellant cut DE free from the duct tape and threatened her not to call the police. Nevertheless, DE fled the house with her daughter, hid in a neighbor's yard, and called 911 to report the kidnapping, assaults, and rape. The police responded and found appellant in the house. The police informed the Army Criminal Investigative Command (CID), which immediately began investigating the incident. Several days later, appellant urged DE to recant her testimony about the abuse that had occurred on 18 September.

## LAW AND DISCUSSION

Courts of Criminal Appeals are authorized to conduct sentence reassessments. *Winckelmann*, 73 M.J. at 13-14 (citing *Jackson v. Taylor*, 353 U.S. 567, 577 (1957)). "[I]f the court can determine to its satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error . . . ." *Id.* at 15 (quoting *Sales*, 22 M.J. at 308).

Courts of Criminal Appeals must consider the "totality of the circumstances presented" by appellant's case when conducting sentence reassessments. *Id.* Among the circumstances, courts should consider: (1) dramatic changes in the penalty landscape and exposure; (2) whether appellant chose sentencing by members or by military judge alone; (3) whether the nature of the remaining offenses capture the gravamen of the criminal conduct originally charged; and (4) whether the remaining offenses are the type that Courts of Criminal Appeals are familiar with and can reasonably determine what sentence would have been imposed at trial. *Id.* at 15-16.

After considering the totality of the circumstances of appellant's case, along with the factors outlined by our superior court, we find that we are able to reassess appellant's sentence.

In evaluating the *Winckelmann* factors, we first find no change in the penalty landscape, as the potential maximum sentence to confinement remains life without eligibility for parole, a sentence far greater than that adjudged. While one finding of guilty carrying a maximum sentence of life without eligibility for parole was set aside and dismissed, three remain. Second, we note appellant elected to be tried by a military judge sitting alone. Third, we find the nature of the remaining offenses capture the gravamen of appellant's criminal conduct. Appellant still stands convicted of raping and anally sodomizing DE while she was bound with duct tape. Finally, based on our experience as judges on this court, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial based on the remaining specifications.

Based on our analysis, we are confident the sentence to confinement would have extended to at least twenty years had the factfinder found appellant not guilty of Specification 6 of Charge I and Additional Charge I and its specifications.

## CONCLUSION

As noted in this court's and our superior court's reviews of appellant's case, the findings of guilty, except for Specification 6 of Charge I and Additional Charge I and its specifications, are AFFIRMED.

Having conducted a sentence reassessment, we AFFIRM a sentence of a dishonorable discharge, confinement for twenty years, and reduction to E-1.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court