# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, MORAN, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist NEAL C. PELACCIO**
**United States Army, Appellant**

ARMY 20130815

Headquarters, Fort Bliss
Timothy P. Hayes, Jr., Military Judge
Colonel Edward K. Lawson IV, Staff Judge Advocate

For Appellant:  Major Vincent T. Shuler, JA; Captain Michael A. Millios, JA (on brief).

For Appellee:  Lieutenant Colonel James L. Varley, JA (on brief).

24 June 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per curiam:

Upon review of the entire record pursuant to Article 66(c), Uniform Code of Military Justice, we note that appellant was charged with and found guilty of, on divers occasions, without proper authority, selling military property of the United States of a value greater than $500.[*]  The government alleged and appellant was found guilty of selling this military property of the United States "to persons who responded to his ads . . ."  However, the evidence in the record does not establish that the value of the military property of the United States sold to the persons responding to appellant's ads exceeded $500 in any instance.  As such, we do not affirm "a value greater than $500.00" and instead affirm "some value."  Our action does not change the penalty landscape because appellant was tried at a special court-martial.  Our action also does not change the admissible aggravation evidence available to the sentencing authority.  In addition, appellant was sentenced by a

---

[*] Appellant personally raised this issue pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  His other *Grostefon* submissions do not warrant relief.

military judge and, as a matter of logic, we are more likely to be certain of what a military judge would have done as opposed to members. Lastly, we have the experience and familiarity with the offense to reliably determine what sentence would have been imposed at trial. *See United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013) (establishing a nonexhaustive framework to aid in reassessing sentences); *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

Accordingly, we only affirm so much of the Specification of Charge II as finds that appellant:

> did, at or near Fort Bliss, Texas, between on or about 1 December 2012 and on or about 12 February 2013, on divers occasions without proper authority, sell to persons who responded to his ads, M4 magazines of some value, military property of the United States.

The finding of guilty of Charge II is AFFIRMED. Considering the modified finding, we find the sentence as approved by the convening authority is appropriate and is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the finding set aside by this decision, are hereby ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

2