# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class FERGUSON J. MARCELLE**
**United States Army, Appellant**

ARMY 20130339

Headquarters, Fort Stewart
Tiernan P. Dolan, Military Judge
Lieutenant Colonel Francisco A. Vila, Staff Judge Advocate

For Appellant: Major Amy E. Nieman, JA; Lieutenant Colonel David E. Coombs, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Major John K. Choike, JA; Major Matthew T. Grady, JA (on brief).

26 January 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of larceny and one specification of wrongfully signing another's name to an Army Emergency Relief application, in violation of Articles 121 and 134, Uniform Code of Military Justice, 10 U.S.C. 921, 934 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge and confinement for six months. The convening authority approved the adjudged sentence.

This case is before us for review pursuant to Article 66, UCMJ. Appellant alleges – and the government concedes – the novel Article 134, UCMJ, specification in this case is preempted by Article 107, UCMJ, making a false official statement. Appellant's personal submissions made pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) do not warrant relief.

## BACKGROUND

The gravamen of appellant's misconduct was stealing basic allowance for housing (BAH) funds for over four years. However, appellant was also charged and convicted of a specification under Article 134, UCMJ, to wit:

> The Specification: In that [appellant], U.S. Army, did, at or near Fort Stewart, Georgia, on or about 28 June 2012, without knowledge or consent, wrongfully sign First Sergeant [JB]'s name on a AER Form 700, such conduct being to the prejudice of good order and discipline in the armed forces and was of a nature to bring discredit upon the armed forces.

The evidence at trial revealed that appellant applied for an Army Emergency Relief (AER) loan by signing his first sergeant's name on the application. Appellant did so without his first sergeant's permission or knowledge. When questioned by Criminal Investigation Command agents, appellant confessed.

During the government's closing argument, the military judge questioned trial counsel why the conduct charged under Article 134, UCMJ, was not instead charged as a false official statement in violation of Article 107, UCMJ. After discussion with the military judge, the government initially moved to amend the charge and specification to state a violation of Article 107, UCMJ. The defense opposed this amendment as a "major change." After a recess, the government withdrew its motion and asked to proceed with the novel Article 134, UCMJ, specification as drafted. When asked by the military judge why the Article 134, UCMJ, offense was not preempted, the government responded it was unsure whether the false statement at issue was "official" within the meaning of Article 107, UCMJ.

## LAW AND DISCUSSION

By its terms, Article 134, UCMJ, applies to offenses "not specifically mentioned in [the UCMJ]." *See United States v. Anderson*, 68 M.J. 378, 386 (C.A.A.F. 2010) (explaining the doctrine of preemption). The President has explained the preemption doctrine as follows:

> The preemption doctrine prohibits application of Article 134 to conduct covered by Articles 80 through 132. For example, larceny is covered in Article 121, and if an element of that offense is lacking—for example, intent— there can be no larceny or larceny-type offense, either under Article 121 or, because of preemption, under Article 134. Article 134 cannot be used to create a new kind of

> larceny offense, one without the required intent, where Congress has already set the minimum requirements for such an offense in Article 121.

*Manual for Courts-Martial, United States* (2012 ed.) [hereinafter *MCM*], pt. IV, ¶ 60.c.(5)(a). Courts have placed an additional requirement on the application of the preemption doctrine. *Anderson*, 68 M.J. at 368. "[S]imply because the offense charged under Article 134, UCMJ, embraces all but one element of an offense under another article does not trigger operation of the preemption doctrine. In addition, it must be shown that Congress intended the other punitive article to cover a class of offenses in a complete way. *United States v. Kick*, 7 M.J. 82, 85 (C.M.A. 1979).

At trial, the government initially conceded that the Article 134, UCMJ, offense should have been charged as a violation of Article 107, UCMJ. On appeal, the government concedes the offense should have been charged as a false official statement. The parties have established that the false statement at issue was official, that appellant knew the statement was false, and that the statement was made with the intent to deceive. *MCM*, pt. IV, ¶ 31.b. Under the facts of this case, in light of the government's concession, we agree the Article 134 charge and specification were preempted and dismiss that offense.[*]

## CONCLUSION

Upon consideration of the entire record, the findings of guilty of Charge II and its Specification are set aside. Charge II and its Specification are dismissed. The remaining findings of guilty are AFFIRMED. We are able to reassess the sentence based upon the factors announced in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). First, the gravamen of appellant's offense was larceny of BAH funds for over four years. Second, appellant was sentenced by a military

---

[*] In other circumstances, one might be charged and convicted of conduct described by the President as violating Article 134, UCMJ, for conduct that constitutes a false official statement. *See, e.g.*, *MCM*, pt. IV, ¶ 77. (false or unauthorized pass offenses); *MCM*, pt. IV, ¶ 79. (false swearing); *MCM*, pt. IV, ¶ 86. (impersonating a commissioned, noncommissioned, or petty officer, or an agent or official); *MCM*, pt. IV, ¶ 96. (obstructing justice) (where the obstruction consists of a false statement); *MCM*, pt. IV, ¶ 96a. (wrongful interference with an adverse administrative proceeding) (same); *MCM*, pt. IV, ¶ 99. (public record: altering, concealing, removing, mutilating, obliterating, or destroying); and *MCM*, pt. IV, ¶ 109. (hoax designed or intended to cause panic or public fear). All these ways of violating Article 134, UCMJ, might also violate Article 107, UMCJ. We certainly do not hold that these offenses as described by the President might not be viable in light of the preemption doctrine.

judge alone. Third, we have familiarity with the remaining offense to determine reliably what sentence the military judge would have adjudged. Accordingly, the sentence is AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court