# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Lieutenant Colonel KENNETH A.R. PINKELA**
**United States Army, Appellant**

ARMY 20120649

Headquarters, U.S. Army Military District of Washington
Denise R. Lind and Michael J. Hargis, Military Judges
Lieutenant Colonel Brian A. Hughes, Acting Staff Judge Advocate (pretrial)
Colonel Corey L. Bradley, Staff Judge Advocate (post-trial)


For Appellant: Mr. Philip D. Cave, Esq.; Major Aaron R. Inkenbrandt, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major John K. Choike, JA; Captain Scott L. Goble, JA (on supplemental brief); Major A.G. Courie III, JA; Major John Choike, JA; Captain Scott L. Goble, JA (on brief).


7 January 2016

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of willful disobedience of a superior commissioned officer, one specification of abusive sexual contact, one specification of aggravated assault, one specification of conduct unbecoming an officer, and one specification of reckless endangerment in violation of Articles 90, 120, 128, 133, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 920, 928, 933, 934 (2006) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a dismissal and confinement for one year.

On 14 November 2014, we affirmed the findings and sentence in this case. *United States v. Pinkela*, ARMY 20120649, 2014 CCA LEXIS 852 (Army Ct. Crim. App. 14 Nov. 2014) (summ. disp.).  On 22 April 2015, the Court of Appeals for the Armed Forces granted appellant's petition for grant of review and summarily vacated our earlier decision.  *United States v. Pinkela*, 74 M.J. 358 (C.A.A.F. April 22, 2015) (summ. disp.).  Our superior court returned the record of trial to this court

for reconsideration in light of *United States v. Gutierrez*, 74 M.J. 61 (C.A.A.F. 2015). *Id*.

We reconsidered our decision pursuant to the order of our superior court and affirmed appellant's convictions. *United States v. Pinkela*, ARMY 20120649, 2015 CCA LEXIS 254 (Army Ct. Crim. App. 11 Jun. 2015) (summ. disp.). Our superior court then reversed appellant's convictions for reckless endangerment and aggravated assault, and affirmed a finding of guilty to assault consummated by a battery as a lesser included offense of aggravated assault. Our superior court affirmed the remaining findings of guilty and remanded the case to our court "to either reassess the sentence based on the affirmed findings or order a sentence rehearing." *United States v. Pinkela,* 75 M.J.__ (C.A.A.F. 4 Nov. 2015)(summ. disp.). After considering the additional pleadings of the parties, we reassess appellant's sentence below.[*]

*Sentence Reassessment*

In determining whether we can reassess the sentence, we apply several non-exhaustive factors:

> (1) Dramatic changes in the penalty landscape and exposure.
>
> (2) Whether an appellant chose sentencing by members or a military judge alone. As a matter of logic, judges of the courts of criminal appeals are more likely to be certain of what a military judge would have done as opposed to members. This factor could become more relevant where charges address service custom, service discrediting conduct or conduct unbecoming.
>
> (3) Whether the nature of the remaining offenses capture the gravamen of criminal conduct included within the original offenses and, in related manner, whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses.

---

[*] We have considered Appellant's additional submissions under *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

(4) Whether the remaining offenses are of the type that judges of the courts of criminal appeals should have the experience and familiarity with to reliably determine what sentence would have been imposed at trial.

*United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) (internal citations omitted).

First, due to the military judge's merger for sentencing, appellant faced a maximum punishment of dismissal, fifteen years confinement, and total forfeiture of pay and allowances prior to the reversal of his convictions for aggravated assault and reckless endangerment. In light of the military judge's merger, appellant still faces a maximum punishment of dismissal, thirteen years confinement, and total forfeiture of pay and allowances. This does not constitute a dramatic change in the penalty landscape. Second, appellant was sentenced by a military judge. We are confident we can discern what punishment a military judge would adjudge in this case. Third, appellant's criminal conduct remains significant: he is convicted of two specifications of willful disobedience of a superior commissioned officer, one specification of abusive sexual contact, one specification of conduct unbecoming an officer, and one specification of assault consummated by a battery. Fourth, we have familiarity and experience with the remaining offenses to reliably determine what sentence would have been imposed at trial. After weighing these factors, we are confident that we can reassess the sentence in this case.

## CONCLUSION

On consideration of the entire record, the finding of guilty of the Specification of Charge IV is set aside and dismissed with prejudice. The court affirms only so much of the Specification of Charge I as follows:

> In that [appellant], U.S. Army, did, at or near Arlington, Virginia, on or about 28 December 2008, commit an assault upon First Lieutenant CH, by exposing him to the Human Immunodeficiency Virus (HIV), by having unprotected anal sex with First Lieutenant CH.

The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *Winckelmann*, 73 M.J. at 15-16, we affirm only so much of the sentence as provides for a dismissal and confinement for eleven months. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

PINKELA—ARMY 20120649



FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court