# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Major WILLIAM G. INMAN**
**United States Army, Appellant**

ARMY 20150042

Headquarters, III Corps and Fort Hood
Wade N. Faulkner, Military Judge
Colonel Ian G. Corey, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA, Captain Joshua G. Grubaugh, JA (on brief and Motion for Reconsideration).

For Appellee: Colonel Mark H. Sydenham, JA; Major Steven J. Collins, JA; Captain Anne C. Hsieh, JA (on brief).

23 June 2016

--------------------------------------------------------------------
MEMORANDUM OPINION ON RECONSIDERATION
--------------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CAMPANELLA, Judge:

A panel of officers sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of conspiracy, one specification of dereliction in the performance of his duties, six specifications of false official statement, one specification of larceny, one specification of fraud against the United States, seven specifications of conduct unbecoming an officer, and one specification of wrongfully communicating a threat, in violation of Articles 81, 92, 107, 121, 132, 133, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 881, 892, 907, 921, 932, 933, and 934 (2006 & 2012) [hereinafter UCMJ]. The panel sentenced appellant to confinement for twenty months, a reprimand, and a $50,000 fine. The military judge credited appellant with 241 days of confinement credit. The convening authority approved the sentence as adjudged and the confinement credit.

INMAN–ARMY 20150042

Appellant raised four assignments of error requiring discussion and relief. After our review of appellant's case pursuant to Article 66, we addressed appellant's assignments of error in a memorandum opinion issued on 4 May 2016. *United States v. Inman*, Army 20150042 (Army Ct. Crim. App. 4 May 2016) (mem. op.). The matters raised personally by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) did not warrant discussion or relief.

In our 4 May 2016 memorandum opinion, we concluded the two separate specifications of conspiracy, Specifications 1 and 2 of Charge I, should be merged. *Id.* Specifically, we merged conspiracies to: (1) commit larceny by not notifying TRICARE that appellant and Mrs. K.I. were officially divorced resulting in Mrs. K.I. receiving over $20,000 in medical benefits; and (2) make or use a false writing in connection with claims under Article 132. *Id.*

On 23 May 2016, appellant moved for reconsideration of this court's ruling to consolidate the two conspiracies arguing on appeal that the government's theory for one of the specifications involved theft of services – and thus was not the proper object of larceny under Article 121, UCMJ. We grant appellant's motion for reconsideration.

Having reconsidered our previous rulings, we affirm our rulings regarding appellant's use of the military dependent identification card to obtain services and unreasonable multiplication of charges. We write again only to address the issue raised by appellant regarding theft of services.

**LAW AND DISCUSSION**

*Conspiracy to Commit Theft of Services*

Appellant was found guilty, *inter alia*, of two separate specifications of conspiracy: (1) conspiracy to commit larceny by not notifying TRICARE that appellant and Mrs. K.I. were officially divorced resulting in Mrs. K.I. receiving over $20,000 in medical benefits; and (2) conspiracy to make or use a false writing in connection with claims under Article 132 – both for the purpose of allowing Mrs. K.I. to continue to obtain medical care through TRICARE by falsely claiming they were still married, and resulting in a loss to the U.S. Government of over $20,000.

A soldier may not be convicted of larceny of services under Article 121, UCMJ, *Manual for Courts-Martial, United States* (2012 ed.), pt. IV, ¶ 46.c.(1)(i)(iv). The government's theory at trial regarding the charged offense of conspiracy to commit larceny involved theft of medical services. Services, however, are unlike goods; they are not tangible or capable of being possessed. *See United States v. Mervine*, 26 M.J. 482, 483 (C.M.A. 1988).

2

The appropriate underlying conspiracy offense could have been conspiracy to obtain services under false pretenses under Article 134, UCMJ. This would have mirrored the underlying offense of which appellant was ultimately found guilty. While appellant may have, in the course of receiving medical benefits, stolen prescription drugs associated with his wife's medical benefits, that was not the focus of the evidence presented by the government. The focus was on appellant's wife receiving "health care services" and "entitlements" exceeding $20,000.

Because Article 121, UCMJ, does not allow for theft of services, appellant could not conspire to violate said Article. Accordingly, appellant's conviction for conspiracy to steal services will be dismissed in our decretal paragraph.

## CONCLUSION

After consideration of the entire record of trial, appellant's assignments of error and request for reconsideration, and the matters personally raised by appellant pursuant to *Grostefon*, the finding of guilty of Specification 1 of Charge I is set aside and is DISMISSED. The finding of guilty of Specification 2 of Charge I is denominated The Specification of Charge I, and is AFFIRMED.

The findings of guilty as to Charge II and its Specification, Specification 5 of Charge IX, and Charge VIII and its Specifications, are set aside and those charges and specifications are DISMISSED.

The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the errors noted, and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). In evaluating the *Winckelmann* factors, we find no dramatic change in the penalty landscape or exposure which might cause us pause in reassessing appellant's sentence due to the military judge's consolidation of most of the offenses for sentencing. Second, although appellant was sentenced by members, this factor carries less weight here because the remaining offenses do not "address service custom, service discrediting conduct or conduct unbecoming." *Winckelmann*, 73 M.J. at 16. Third, the gravamen of appellant's misconduct remains unchanged. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

After reassessing the sentence based on the errors noted, the entire record, and in accordance with the principles of *Winckelmann*, the sentence is AFFIRMED. We find this reassessed sentence is not only purged of any error but is also appropriate.

3

INMAN–ARMY 20150042

All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his findings set aside by this decision, are ordered restored.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court