# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E2 JOSEPH KARGBO**
**United States Army, Appellant**

ARMY 20150011

Headquarters, 19th Expeditionary Sustainment Command
Mark A. Bridges, Military Judge
Lieutenant Colonel Maureen A. Kohn, Staff Judge Advocate

For Appellant: Lieutenant Colonel Melissa R. Covolesky, JA; Major Andres Vazquez, Jr., JA; Captain Scott A. Martin, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Melissa Dasgupta Smith, JA; Captain Jennifer A. Donahue, JA (on brief).

13 December 2016

----------------------------------
SUMMARY DISPOSITION
----------------------------------

PENLAND, Judge:

A military judge sitting as general court-martial convicted appellant, pursuant to his pleas, of disobeying a lawful order, disobeying a lawful general order, making a false official statement, and two specifications of assaulting a law enforcement officer, in violation of Articles 90, 92, 107, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 890, 892, 907, 928 (2012) [hereinafter UCMJ]. A panel composed of officer and enlisted members convicted appellant, contrary to his plea, of sexual assault, in violation of Article 120, UCMJ, 10 U.S.C. § 920 (2012) and sentenced appellant to a bad-conduct discharge, confinement for 180 days, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved only so much of the adjudged sentence as provided for a bad-conduct discharge, confinement for 175 days, forfeiture of all pay and allowances,

and reduction to the grade of E-1.* Appellant was also credited with four days of *Allen* credit against the sentence to confinement.

This case is before us for review under Article 66, UCMJ. Appellant raises two assignments of error, one of which merits brief discussion and relief.

## BACKGROUND

In the Specification of Additional Charge III, appellant was charged with disobeying a lawful general order in violation of Article 92, UCMJ. The specification alleged:

> In that [appellant], U.S. Army, did, at or near Camp
> Walker, Republic of Korea, on or about 4 October 2014,
> fail to obey a lawful general order, to wit: paragraph 4,
> General Order Regarding Off-Installation Curfew, dated
> 14 January 2013, by wrongfully failing to comply with the
> off-installation curfew that is in effect from 0100 hours to
> 0500 hours Monday through Sunday.

The military judge listed the following elements of this specification:

> One, that there was in existence a certain lawful general
> order . . .
>
> Two, that you had a duty to obey such order, and
>
> Three, that at or near Camp Walker, Republic of Korea, on
> or about 4 October 2014, you failed to obey this lawful
> general order by wrongfully failing to comply with the
> off-installation curfew that is in effect from 0100 hours to
> 0500 hours Monday through Sunday.

The military judge did not define "wrongfully." The providence inquiry as to this specification included this discussion between appellant and the military judge:

> MJ: . . .but with respect to the curfew issue, you realized
> it was 1:10 when you looked down at your watch. Prior to
> looking down at your watch, did you recognize that you
> are about to violate curfew?

---

* The convening authority accepted the staff judge advocate's recommendation to grant appellant five days of confinement credit for post-trial delay.

    ACC: No, Your Honor. I was drinking, so I didn't keep track of the time, Your Honor.

    MJ: You were drinking alcohol that night?

    ACC: Yes, Your Honor.

    MJ: So you just kind of lost track of time and did not realize what time it was?

    ACC: Yes, Your Honor.

Based on his questions and appellant's responses, the military judge found appellant's plea provident and accepted it.

## LAW AND DISCUSSION

Appellant now alleges there is a substantial basis in law or fact to question the providency of his plea of guilty to disobeying a lawful general order in violation of Article 92, UCMJ. Specifically, appellant cites a case decided by our superior court after appellant's court-martial, *United States v. Gifford*, 75 M.J. 140 (C.A.A.F. 2016), for the proposition that the military judge must address the unstated *mens rea* required for a conviction of an Article 92, UCMJ, offense. Appellant argues his plea was improvident because: 1) there is no factual predicate to establish that he was, at a minimum reckless, and 2) there is nothing in the record to suggest that he understood his violation of the curfew must have been reckless in order for it to have been criminal.

Although the standard for this case is "abuse of discretion," when the law changes due to a case decided while an appellant's case is on direct appeal, appellant is entitled to avail himself of the new rule, even though the military judge did nothing wrong. *United States v. Harcrow*, 66 M.J. 154, 160 (C.A.A.F. 2008) (Judge Ryan, concurring).

Here, *Gifford* was decided after appellant's court-martial, so the military judge did not have the benefit of our superior court's opinion during appellant's providence inquiry. As a result, the providence inquiry was not sufficient to establish the *mens rea* required to make appellant's violation of the lawful general regulation wrongful and we will take appropriate action in our decretal paragraph.

**CONCLUSION**

The Specification of Additional Charge III and Additional Charge III are set aside and DISMISSED. The remaining findings of guilty are AFFIRMED. We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). We are confident that based on the entire record and appellant's course of conduct, the military judge would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence.

We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

Senior Judge CAMPANELLA and Judge HERRING concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court