# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist NATHAN C. WILSON**
**United States Army, Appellant**

ARMY 20140135

Headquarters, United States Army Maneuver Center of Excellence
Charles A. Kuhfahl, Jr., Military Judge
Lieutenant Colonel Charles C. Poché, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Brian D. Andes, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Major John K. Choike, JA; Captain John Gardella, JA (on brief).

6 February 2017

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of two specifications of wrongful possession of a controlled substance with intent to distribute and one specification of larceny of military property of a value greater than $500, and contrary to his pleas, of one specification of housebreaking in violation of Articles 112a, 121, and 130, Uniform Code of Military Justice, 10 U.S.C. §§ 912a, 921, 930 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for twenty-one months, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged.

On 18 November 2015, after amending the Specification of The Additional Charge by removing the words "on divers occasions," this court affirmed the findings and sentence in this case. *United States v. Wilson*, ARMY 20140135, 2015 CCA LEXIS 544 (Army Ct. Crim. App. 18 Nov. 2015) (summ. disp.).

On 13 January 2017, the United States Court of Appeals for the Armed Forces (CAAF) reversed our decision and dismissed Charge I and its Specification. The CAAF returned this case to the Judge Advocate General of the Army for remand to this court for reassessment of the sentence or, if necessary, to order a sentence rehearing.

*Sentence Reassessment*

We must now consider the impact of the error identified by our superior court and determine whether we can appropriately reassess the sentence. In making this determination, we consider several non-exclusive factors:

(1) Dramatic changes in the penalty landscape and exposure.

(2) Whether an appellant chose sentencing by members or a military judge alone. As a matter of logic, judges of the courts of criminal appeals are more likely to be certain of what a military judge would have done as opposed to members. . . .

(3) Whether the nature of the remaining offenses capture[s] the gravamen of criminal conduct included within the original offenses and, in related manner, whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses.

(4) Whether the remaining offenses are of the type that judges of the courts of criminal appeals should have the experience and familiarity with to reliably determine what sentence would have been imposed at trial.

*United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) (internal citations omitted). Additionally, we must determine that a sentence we propose to affirm is appropriate, as required by Article 66(c), UCMJ. In short, a reassessed sentence must be purged of prejudicial error and appropriate for the offense and the offender involved. *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986).

First, the sentencing landscape has changed somewhat due to our superior court's dismissal of Charge I and its Specification. However, the resultant decrease in the maximum sentence to confinement, from thirty-five years to thirty years, does not amount to a "dramatic change" in penalty landscape.

2

Second, appellant was sentenced by a military judge alone. We are confident we can discern what punishment a military judge would adjudge in this case.

Third, the nature of the remaining offenses capture the gravamen of appellant's criminal conduct, which was the larceny of military property of a value greater than $500 and wrongful possession of controlled substances with the intent distribute. The dismissed offense of housebreaking with the intent to commit larceny carries the least amount of punitive liability and falls outside the gravamen of appellant's offenses.

Fourth, we have familiarity and experience with the remaining offenses to reliably determine what sentence would have been imposed at trial. After weighing these factors, we are confident that we can reassess the sentence in this case.

## CONCLUSION

Our superior court dismissed Charge I and its Specification, and we affirm only so much of the Specification of The Additional Charge as finds:

> [Appellant], U.S. Army, did, at or near Fort Benning, Georgia, between on or about 1 August 2013 and on or about 6 October 2013, steal batteries, military property, of a total value greater than $500, the property of the U.S. Army.

The remaining findings of guilty are AFFIRMED.

Reassessing the sentence on the basis of the errors noted, the entire record, and in accordance with the principles of *Winckelmann*, 73 M.J. at 15-16, we affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for nineteen months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of his sentence set aside by this decision, are ordered restored. *See* UCMJ arts. 58b(c), 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court