# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant NOEL G. AGUIAR-PEREZ**
**United States Army, Appellant**

ARMY 20140715

Headquarters, I Corps
Andrew J. Glass, Military Judge (arraignment)
Jeffery D. Lippert, Military Judge (trial)
Colonel Randall J. Bagwell, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA; Captain Payum Doroodian, JA (on brief); Lieutenant Colonel Christopher D. Carrier, JA; Major Andres Vazquez Jr., JA; Captain Michael A. Gold, JA (on supplemental brief); Major Andres Vazquez Jr., JA; Captain Michael A. Gold, JA (on reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Daniel D. Derner, JA; Captain Vincent S. Scalfani, JA (on brief); Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Melissa Dasgupta Smith, JA; Captain Vincent S. Scalfani, JA (on supplemental brief).

13 March 2017

-----------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
-----------------------------------------------------------------

HERRING, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of violating a lawful general order, seven specifications of cruelty and maltreatment, four specifications of abusive sexual contact, one specification of assault consummated by battery, and one specification of communicating a threat, in violation of Articles 92, 93, 120, 128, and 134 Uniform Code of Military Justice, 10 U.S.C. §§ 892, 893, 920, 928, 934 (2012) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for 350 days, and reduction to the grade of E-1.

On 31 October 2016, in a summary disposition, this court set aside and dismissed Specification 2 of Charge V and Charge V (communicating a threat) and affirmed the remaining findings and sentence. Our superior court reversed our decision in regard to Specification 1 of Charge IV (assault consummated by battery). Our superior court remanded the case to our court to reassess the appellant's sentence based on the affirmed findings.

In determining whether we can reassess the sentence, we apply several non-exhaustive factors:

> (1) Dramatic changes in the penalty landscape and exposure.

> (2) Whether an appellant chose sentencing by members or a military judge alone. As a matter of logic, judges of the courts of criminal appeals are more likely to be certain of what a military judge would have done as opposed to members. This factor could become more relevant where charges address service custom, service discrediting conduct or conduct unbecoming.

> (3) Whether the nature of the remaining offenses capture the gravamen of criminal conduct included within the original offenses and, in related manner, whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offenses.

> (4) Whether the remaining offenses are of the type that judges of the courts of criminal appeals should have the experience and familiarity with to reliably determine what sentence would have been imposed at trial.

*United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) (internal citations omitted).

First, our superior court's dismissal of the assault offense reduced the maximum sentence to confinement by just six months—for a new maximum of a dishonorable discharge, thirty-two years of confinement, total forfeiture of pay and allowances, and reduction to E-1. This does not constitute a dramatic change in the penalty landscape. Second, appellant was sentenced by a military judge and we are more likely to be certain of what a military judge would have done. Third, appellant's criminal conduct remains significant: he is convicted of violating a lawful general order, seven specifications of cruelty and maltreatment, and four

specifications of abusive sexual contact. Fourth, we have familiarity and experience with the remaining offenses to reliably determine what sentence would have been imposed at trial. After weighing these factors, we are confident we can reassess the sentence in this case.

Reassessing the sentence on the basis of the error noted, the entire record, and applying the principles of *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986), we are confident that based on the entire record and appellant's course of conduct, the military judge would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence. We find this reassessed sentence is not only purged of any error but is also appropriate.

Senior Judge CAMPANELLA and Judge PENLAND concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court