**UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS**

**UNITED STATES**

**v.**

**Ernest M. RAMOS**
**Boatswain's Mate First Class (E-6), U.S. Coast Guard**

**CGCMSP 24924**
**Docket No. 1418**

**31 August 2017**

Special Court-Martial convened by Commanding Officer, Maritime Safety and Security Team Seattle (MSST 91101).  Tried at Seattle, Washington, on 6 & 27-29 October 2014.

| | |
|---|---|
| Military Judge: | CDR Eric D. Masson, USCG |
| Trial Counsel: | LT Geralyn M. van de Krol, USCG |
| Assistant Trial Counsel: | LT Joel C. Coito, USCG |
| Civilian Defense Counsel: | Mr. Jeffery C. King, Esq. |
| Military Defense Counsel: | LT Teresa Z. Ohley, USCGR |
| Appellate Defense Counsel: | LT Philip A. Jones, USCGR |
| Appellate Government Counsel: | LT Lars T. Okmark, USCGR |

**BEFORE**
**McCLELLAND, BRUCE & HERMAN**
Appellate Military Judges

Per curiam:

Appellant was tried by special court-martial composed of officer members.  Contrary to his pleas, Appellant was convicted of one specification of conspiracy to manufacture and distribute marijuana, in violation of Article 81, Uniform Code of Military Justice (UCMJ); three specifications of making false official statements, in violation of Article 107, UCMJ; and one specification of wrongful possession of marijuana with intent to distribute, in violation of Article 112a, UCMJ.  The members sentenced Appellant to confinement for ninety days, reduction to E-3, and a bad-conduct discharge.  The Convening Authority approved the sentence.

On 28 October 2016, this Court set aside the findings of guilty of Specifications 2 and 3 of Charge II, alleging violations of Article 107, UCMJ, and dismissed the specifications; and affirmed the other findings of guilty and the sentence. On 19 July 2017, the Court of Appeals for the Armed Forces reversed our decision as to Specification 1 of Charge II and the sentence and dismissed that specification, and remanded the case for sentence reassessment or sentence rehearing.

We proceed to consider sentence reassessment. When conviction of one or more offenses is set aside, a court of criminal appeals may reassess a sentence when it "can determine to its satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity". *United States v. Winckelmann*, 73 M.J. 11, 15 (C.A.A.F. 2013) (quoting *United States v. Sales,* 22 M.J. 305, 308 (C.M.A. 1986)).

We are certain that the sentence for the charges and specifications remaining following dismissal of all specifications under Article 107 would have been not less than confinement for seventy-five days, reduction to E-3, and a bad-conduct discharge.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings of guilty of Charge I, Charge III, and their specifications are reaffirmed. A sentence providing for confinement for seventy-five days, reduction to E-3, and a bad-conduct discharge is affirmed.

For the Court,



Sarah P. Valdes
Clerk of the Court