# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant First Class JOHN P. KEY**
**United States Army, Appellant**

ARMY 20170030

Headquarters, 25th Infantry Division
Mark A. Bridges, Military Judge
Colonel Ian R. Iverson, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany M. Chapman, JA; Major Todd W. Simpson, JA; Captain Heather M. Martin, JA (on brief).

For Appellee: Lieutenant Colonel Eric K. Stafford, JA; Major Michael E. Korte, JA (on brief).

23 March 2018

----------------------------------
SUMMARY DISPOSITION
----------------------------------

FLEMING, Judge:

In this case, we hold the evidence presented at trial was insufficient to support a finding that appellant's conduct, as alleged in Specification 2 of Charge V, was prejudicial to good order and discipline in the armed forces.

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of aggravated assault, three specifications of assault consummated by battery, and two specifications of communicating a threat in violation of Articles 128 and 134, Uniform Code of Military Justice [UCMJ], 10 U.S.C. §§ 928, 934 (2012). The military judge sentenced appellant to a bad-conduct discharge, confinement for fourteen months, and reduction to the grade of E-1. The convening authority, pursuant to the pretrial agreement, approved only so much of the adjudged sentence as provided for a bad-conduct discharge, confinement for twelve months, and reduction to E-1.

KEY—ARMY 20170030

The case is before this court for review under Article 66, UCMJ. Appellant raises one error: sufficient evidence was not admitted to find appellant's conduct was "to the prejudice of good order and discipline in the armed forces," as charged in Specifications 1 and 2 of Charge V. Appellant asks that the language be dismissed from these specifications. As to Specification 2 of Charge V, the government concedes the lack of proof and concurs with appellant's request to dismiss the language from each specification. Appellant personally raises additional issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), which we find meritless.

Appellant was charged with two specifications of communicating a threat in violation of Article 134, UCMJ, each containing the terminal element, "such conduct being to the prejudice of good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces." Appellant pleaded guilty to these specifications.

During a Rule for Courts-Martial (R.C.M.) 802 conference, the parties and military judge agreed appellant would plead guilty to only the service discrediting prong of Specification 2 of Charge V. Thus, when the military judge found appellant guilty of Specification 2 of Charge V without excepting the language "to the prejudice of good order and discipline in the armed forces and," he erred.

Regarding Specification 1 of Charge V, appellant conceded his conduct was prejudicial to good order and discipline because the victim was in the military herself and his threats impacted her work and caused her to be a less effective soldier. Thus, the military judge did not err in accepting appellant's plea to this specification and charge.

**CONCLUSION**

The finding of guilty to Specification 2 of Charge V is AFFIRMED excepting the words "to the prejudice of good order and discipline in the armed forces and." The excepted words are SET ASIDE and DISMISSED. The remaining findings are AFFIRMED.

We are able to reassess the sentence on the basis of the error noted, the entire record, and in accordance with the principals of *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). Based on the entire record and appellant's course of conduct, we are confident that the military judge would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence.

2

Senior Judge CAMPANELLA and Judge SALUSSOLIA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court