# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KRIMBILL, BROOKHART, and SALUSSOLIA
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist WILLIAM P. MOYNIHAN**
**United States Army, Appellant**

ARMY 20130855

Headquarters, Fort Campbell
Steven E. Walburn, Military Judge
Colonel Laura J. Calese, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Kyle C. Sprague, JA; Captain Loraima Morciglio, JA (on brief and reply brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Craig Schapira, JA; Captain Karey B. Marren, JA (on brief).

20 May 2020

---------------------------------------------------------------
SUMMARY DISPOSITION ON FURTHER REVIEW
---------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BROOKHART, Senior Judge:

On 10 March 2020, this court issued a decision in appellant's case, affirming the findings and sentence in a summary disposition. *United States v. Moynihan*, ARMY 20130855, 2020 CCA LEXIS 65 (Army Ct. Crim. App. 10 Mar. 2020). After this court's decision in appellant's case, the Court of Appeals for the Armed Forces (CAAF) issued two decisions that address issues similar to the one at issue in appellant's case. *See United States v. Gonzalez*, __ M.J.___, 2020 CAAF LEXIS 234 (C.A.A.F. 24 Apr. 2020); *United States v. Wall*, __ M.J.___, 2020 CAAF LEXIS 233 (C.A.A.F. 24 Apr. 2020). In light of our Superior Court's decisions in *Wall* and *Gonzalez*, we sua sponte reconsider our 10 March 2020 decision in this case.

We again review appellant's case pursuant to Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866 [UCMJ].[1] This case has a lengthy appellate history, which is discussed below.

## BACKGROUND[2]

Appellant was court-martialed for a series of sexual assaults against his younger sisters, MM, EC, and JM. At trial, he was convicted of one specification of aggravated sexual contact against MM; one specification of rape against MM; one specification of wrongful sexual contact with EC; one specification of aggravated sexual contact with a child involving JM, and one specification of incest with MM. The court-martial sentenced appellant to a dishonorable discharge, confinement for six years, and reduction to the grade of E-1.

In our first review of appellant's case, this court summarily affirmed the findings and sentence. *United States v. Moynihan*, ARMY 20130855 (Army Ct. Crim. App. 12 Nov. 2015) (decision). However, our Superior Court remanded appellant's case with the direction that we consider it in light of its then-recent holding in *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016). *United States v. Moynihan*, 75 M.J. 430 (C.A.A.F. 2016). In our second review, we conditionally dismissed the specification of aggravated sexual contact involving MM and the specification of wrongful sexual contact against EC. *Moynihan*, 2017 CCA LEXIS 743, at *10-11. Following the conditional dismissals, appellant remained convicted of one specification of rape against MM, one specification of aggravated sexual contact with a child involving JM, and one specification of incest with MM. *Id*. In light of the dismissals, we reassessed appellant's sentence to a dishonorable discharge, confinement for forty-two months, and reduction to the grade of E-1. *Id*. at *11.

---

[1] An enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of rape, two specifications of aggravated sexual contact with a child, one specification of wrongful sexual contact, and one specification of incest, in violation of Articles 120 and 134, UCMJ (2006 & Supp. III 2010). The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for six years, and reduction to the grade of E-1.

[2] A full recitation of the specific facts of this case can be found in our previous decisions, *United States v. Moynihan*, 2017 CCA LEXIS 743, at *2-5 (Army Ct. Crim. App. 30 Nov. 2017) (mem. op.), and *United States v. Moynihan*, 2018 CCA LEXIS 610, at *2-6 (Army Ct. Crim. App. 26 Nov. 2018) (mem. op.). For purposes of this opinion, the following summary of the facts and procedural history is all that is necessary to resolve the issue now before us.

After our second review, appellant petitioned our Superior Court for a grant of review. For a second time, our Superior Court returned the case for further consideration, this time in light of *United States v. Guardado*, 77 M.J. 90 (C.A.A.F. 2017). *United States v. Moynihan*, 77 M.J. 313 (C.A.A.F. 2018). Because we had conditioned our previous dismissals on their surviving further appeal, we were obligated to again consider those specifications as part of our third review. *Moynihan*, 2018 CCA LEXIS 610.

In our third review, we set aside those same convictions which we had previously conditionally dismissed, and we also set aside the one specification of aggravated sexual contact with a child involving JM. *Id*. at *11. We affirmed appellant's two remaining guilty findings: one specification of raping MM and one specification of incest with MM. *Id*. Next, we reassessed appellant's sentence in light of the two remaining guilty findings and concluded that his sentence would have included at least a dishonorable discharge, confinement for forty-two months, and reduction to the grade of E-1. *Id*. at *11 n.6. We then returned the case to the convening authority with instructions to either: "(1) order a rehearing on one or more of Specifications 1, 4, and 5 of Charge I; (2) dismiss Specifications 1, 4, and 5 of Charge I and order a rehearing on the sentence only; [or] (3) dismiss Specifications 1, 4, and 5 of Charge I and reassess the sentence based on the affirmed findings of guilty, affirming no more than a dishonorable discharge, confinement for forty-two months, and reduction to E-1." *Id*. at *11.

After reviewing matters submitted by appellant pursuant to Rules for Courts-Martial [R.C.M.] 1105 and 1106, and on the advice of his staff judge advocate, the convening authority found our first option, a rehearing on the specifications we set aside, to be impractical. Likewise, the convening authority found our second option, a rehearing on sentence alone, to be impractical. Instead, the convening authority selected our third option and dismissed those charges and specifications we set aside, and reassessed appellant's sentence based on the two specifications we affirmed. That reassessed sentence matched our own reassessment.

Following the convening authority's dismissal of the set aside specifications and reassessment of appellant's sentence, appellant's case was for a fourth time forwarded to this court for review. In our fourth review, on 10 March 2020 we found that we erred by simultaneously reassessing appellant's sentence and remanding the case to the convening authority. *Moynihan*, 2020 CCA LEXIS 65, at *6-7. After finding error, we determined that the error was harmless because our previous reassessment, *see Moynihan*, 2018 CCA LEXIS 610, was final, and affirmed the previously reassessed sentence. *Moynihan*, 2020 CCA LEXIS 65, at *7-8. In light of our Superior Court's recent decisions in *Wall* and *Gonzalez*, we sua sponte reconsider our 10 March 2020 decision in this case.

## LAW AND DISCUSSION

In *Wall*, the CAAF held that a Court of Criminal Appeals (CCA) lacks the authority to conduct a sentence reassessment after setting aside the sentence. __ M.J. ___, 2020 CAAF LEXIS 233, at *1, 11. Further, the CAAF held that a CCA lacks the authority to impose a sentence cap after setting aside the sentence and remanding the case to the convening authority. *Id.* at *14-15. In *Gonzalez*, after reiterating the analysis from *Wall*, the CAAF remanded the case to this court with three options to remedy the error: "(1) dismiss the [set aside specification] and reassess the sentence; or (2) remand to the convening authority who shall (a) order a rehearing on the [set aside specification] and the sentence or (b) dismiss the [set aside specification] and order a rehearing on the sentence alone." __ M.J.___, 2020 CAAF LEXIS 234, at *9.

In light of our Superior Court's decisions in *Wall* and *Gonzalez*, our 26 November 2018 decision setting aside the sentence, conducting a sentence reassessment, and remanding appellant's case to the convening authority was error. *See Wall*, __ M.J. ___, 2020 CAAF LEXIS 233, at *1, 11; *Gonzalez*, __ M.J. ___, 2020 CAAF LEXIS 234, at *6-7. Specifically, our 26 November 2018 opinion was "ultra vires" and thus not "a proper Article 66, UCMJ, review." *Gonzalez*, __ M.J. ___, 2020 CAAF LEXIS 234, at *7-8. Additionally, the error was prejudicial to appellant's substantial right to appellate review. *Id.* at *8 (citations omitted). Accordingly, corrective action is necessary. *Id.* at *8-9.

To remedy the error, the CAAF in *Gonzalez* provided three courses of action: "(1) dismiss the [set aside specification] and reassess the sentence; or (2) remand to the convening authority who shall (a) order a rehearing on the [set aside specification] and the sentence or (b) dismiss the [set aside specification] and order a rehearing on the sentence alone."[3] *Id.* at *9. Because we find that we can

---

[3] We note that the appellate history and procedural posture of *Gonzalez* are similar to this case. Both cases involve appellate review culminating in: (1) some affirmed specifications while others were set aside; (2) sentences that were set aside as part of the Article 66, UCMJ, review; (3) sentences that were also reassessed as part of the appellate review; (4) a remand to the convening authority with three options for addressing the set aside specifications and sentence, to include a cap on reassessing the sentence; and (5) a convening authority that elected to dismiss the set aside specifications and reassess the sentence at the level of the cap provided by this court. *See Moynihan*, 2020 CCA LEXIS 65, at *1-4; *Gonzalez*, __ M.J. ___, 2020 CAAF LEXIS 234, at *2-4. As the two cases are nearly identical in the relevant portions of their appellate history and procedural posture, we find the remedies available in *Gonzalez* are likewise available here.

adequately reassess appellant's sentence, we elect to follow the first of the CAAF's authorized remedies.

We have again closely reviewed appellant's record of trial and considered the principles discussed in *Sales* and *Winkelmann*, and we are satisfied that the sentence adjudged for the offenses affirmed below would have been at least a dishonorable discharge, confinement for forty-two months, and reduction to the grade of E-1. *See United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986); *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013).

## CONCLUSION

The guilty findings for Specification 3 of Charge I and Specification 3 of Charge III are AFFIRMED. The remaining findings of guilty (Specifications 1, 4, and 5 of Charge I) are DISMISSED. After reassessment, we AFFIRM only so much of the sentence as provides for a dishonorable discharge, confinement for forty-two months, and reduction to the grade of E-1.

Chief Judge KRIMBILL and Judge SALUSSOLIA concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court

5