# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 ADRIAN GONZALEZ**
**United States Army, Appellant**

ARMY 20160363

Headquarters, U.S. Army Combined Arms Center & Fort Leavenworth
Charles L. Pritchard, Jr. and Marc D. Cipriano, Military Judges
Colonel Craig E. Merutka, Staff Judge Advocate

For Appellant: Captain Rachele A. Adkins, JA.

For Appellee: No response filed.

14 September 2020

--------------------------------------------------
SUMMARY DISPOSITION ON REMAND
--------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BURTON, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of three specifications of violating a general order or regulation and two specifications of abusive sexual contact, and contrary to his pleas, of one specification of rape, in violation of Articles 92 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 920 (2012) [UCMJ]. The military judge sentenced appellant to a dishonorable discharge and confinement for ten years, a sentence later approved by the convening authority.

On 3 July 2018, we set aside the finding of guilty to Specification 2 of Charge III, affirmed the remaining findings of guilty, and set aside the sentence. We authorized the same or a different convening authority to: 1) order a rehearing on Specification 2 of Charge III and the sentence; 2) dismiss Specification 2 of Charge III and order a rehearing on the sentence only; or 3) dismiss Specification 2 of Charge III and reassess the sentence, affirming no more than a dishonorable discharge and

confinement for six years. *United States v. Gonzalez*, ARMY 20160363, 2018 CCA LEXIS 327, *13-14 (Army Ct. Crim. App. 3 Jul. 2018).

After the case was returned to the convening authority, on 6 August 2018, the Chief of Justice (COJ) in the Office of Staff Judge Advocate contacted the named victim in Specification 2 of Charge III, AC, to inform her of the remand and the various options for the case. Four days later, AC contacted the COJ to express her desire that the CA not forward Specification 2 of Charge III for a rehearing and for the convening authority to reassess the sentence on his own.

On 19 October 2018, the convening authority determined a rehearing on Specification 2 of Charge III, as well as the sentence, were not practicable, dismissed Specification 2 of Charge III, and reassessed the sentence, approving a dishonorable discharge and confinement for six years. This court later affirmed the findings of guilty and sentence as approved by the convening authority. *United States v. Gonzalez*, ARMY 20160363 (Army Ct. Crim. App. 13 Mar. 2019) (unpub.).

On 24 April 2020, the Court of Appeals for the Armed Forces (CAAF), found it was improper for this court, in remanding a case for a sentence reassessment, to limit the convening authority's discretion by putting a limitation on the sentence that could be approved. *United States v. Gonzalez*, 79 M.J. 466, 469 (2020). The CAAF remanded the case to this court with the directive to: a) dismiss Specification 2 of Charge III and reassess the sentence; or b) remand the case to the convening authority to either conduct a rehearing on Specification 2 of Charge III and the sentence, or dismiss Specification 2 of Charge III and conduct a rehearing on the sentence. *Id.* at 469-70.

This case is now before us again for review pursuant to Article 66, UCMJ. We have again closely reviewed appellant's record and we are confident we are able to reassess the sentence. *See United States v. Winckelmann*, 73 M.J. 11, 15 (C.A.A.F. 2013) (courts of criminal appeals have "broad discretion" in deciding to reassess a sentence to cure error as well as in arriving at the reassessed sentence). We are satisfied that the sentence adjudged for the offenses we have affirmed would have been at least a dishonorable discharge and confinement for five years. *See Winckelmann*, 73 M.J. at 15-16; *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986). This reassessment is both appropriate and purges the record as it stands of error.

## CONCLUSION

Specification 2 of Charge III is DISMISSED. We again AFFIRM the remaining findings guilty and AFFIRM so much of the sentence extending to a dishonorable discharge and confinement for five years.

GONZALEZ—ARMY 20160363

Judge RODRIGUEZ and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3