CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, RODRIGUEZ, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist COREY N. WALL**
**United States Army, Appellant**

ARMY 20160235

Headquarters, Fort Carson
Lanny J. Acosta, Jr., Military Judge
Colonel Gregg A. Engler, Staff Judge Advocate

For Appellant: Captain Rachele A. Adkins, JA.

For Appellee: Pursuant to A.C.C.A. Rule 15.4, no response filed.

24 September 2020*

-----------------------------------------------
SUMMARY DISPOSITION ON REMAND
-----------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

BURTON, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of sexual assault and rape in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012) [UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for 15 years, and reduction to the grade of E-1. The military judge credited appellant with sixty days of credit against confinement for illegal pretrial punishment under Article 13, UCMJ. The convening authority approved the adjudged sentence.

On 5 October 2018, we set aside the finding of guilty as to Specification 1 of The Charge, affirmed the remaining findings of guilty, and set aside the sentence.

---

* Corrected

We authorized the same or a different convening authority to: 1) order a rehearing on Specification 1 of The Charge and the sentence; 2) dismiss Specification 1 of The Charge and order a rehearing on the sentence only; or 3) dismiss Specification 1 of The Charge and reassess the sentence, affirming no more than a dishonorable discharge, confinement for ten years, total forfeiture of all pay and allowances, and reduction to E-1. *United States v. Wall*, ARMY 20160225, 2018 CCA LEXIS 479 (Army Ct. Crim. App. 5 Oct. 2018). We subsequently granted appellant's motion for reconsideration and, after directing minor corrections to the original opinion, again affirmed the judgement of the court. *United States v. Wall*, ARMY 20160235 (Army Ct. Crim. App. 16 Nov. 2018) (order). Appellant then appealed to the Court of Appeals for the Armed Forces (CAAF).

On 24 April 2020, the CAAF, found that this court erred by setting aside the sentence and permitting the CA to reassess, for by setting aside the sentence, there was no sentence to reassess. It was therefore improper for this court to limit the convening authority's discretion by putting a limitation on the sentence that could be approved. *United States v. Wall*, 79 M.J. 456, 461-62 (2020). The CAAF remanded the case to this court with the directive to: a) dismiss Specification 1 of The Charge and reassess the sentence; or b) remand the case to the convening authority to either conduct a rehearing on Specification 1 of The Charge and the sentence, or dismiss Specification 1 of The Charge and conduct a rehearing on the sentence. *Id.* at 462.

This case is now before us again for review pursuant to Article 66, UCMJ. Neither the command nor the Clerk of Court has been able to reach the victim of the sexual assault since January 2017. In accordance with the directive from our superior court, Specification 1 of The Charge is hereby dismissed.

We have again closely reviewed appellant's record and we are confident we are able to reassess the sentence. *See United States v. Winckelmann*, 73 M.J. 11, 15 (C.A.A.F. 2013) (Courts of Criminal Appeals have "broad discretion" in deciding to reassess a sentence to cure error as well as in arriving at the reassessed sentence). We are satisfied that the sentence adjudged for the offense we have affirmed would have been at least a dishonorable discharge, confinement for five years, and reduction to the grade of E-1. *See Winckelmann*, 73 M.J. at 15-16; *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986). This reassessment is both appropriate and purges the record as it stands of error.

## CONCLUSION

Specification 1 of The Charge is DISMISSED; the remaining findings of guilty are AFFIRMED. We AFFIRM so much of the sentence as extends to a dishonorable discharge, confinement for five years, and reduction to the grade of E-1.

Judge RODRIGUEZ and Judge FLEMING concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court