# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, PENLAND, and SCHLACK
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private E1 JESUS D. CALVILLOMAGANA**
**United States Army, Appellant**

ARMY 20230161

Headquarters, National Training Center and Fort Irwin
Matthew S. Fitzgerald and Jessica R. Conn, Military Judges
Lieutenant Colonel Justin M. Marchesi, Staff Judge Advocate

For Appellant: Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Major Robert D. Luyties, JA; Major Amanda Williams, JA (on brief); Lieutenant Colonel Autumn R. Porter, JA; Major Robert D. Luyties, JA (on reply brief).

For Appellee: Colonel Richard E. Gorini, JA; Lieutenant Colonel K. M. Bohlke, JA; Major Marc B. Sawyer, JA; Lieutenant Colonel Matthew T. Grady, JA (on brief).

19 March 2025

-----------------------------------
SUMMARY DISPOSITION
-----------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

PENLAND, Judge:

A military judge sitting as a general-court martial convicted appellant, pursuant to his pleas, of two specifications of assault consummated by a battery in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 [UCMJ], for striking his spouse in the mouth and then pushing her to the ground.[1] The military judge sentenced appellant to a bad-conduct discharge, confinement for 150

---

[1] Appellant was initially charged with two specifications of domestic violence, in violation of Article 128b, UCMJ. Following the military judge's acceptance of appellant's plea of guilty to the assault consummated by a battery specifications, the parties agreed to amend the charge sheet to conform with appellant's plea.

days, and a reprimand.[2][3] The convening authority approved the waiver of automatic forfeitures, for the benefit of the victim.[4]

Appellant described assaulting his spouse by striking her mouth with his hand, adequately establishing his guilt. Turning to the next specification, he said, "during me striking her on the face with my hand, we stumble up and ended up on the ground. While . . . [appellant's spouse] was trying to get up, I push her back to the ground with my body weight, Your Honor." The military judge asked, "And . . . this happened at the same time, as when you struck her in the face?" Appellant answered "Yes, Your Honor."

Appellant now complains of multiplicity, arguing the military judge erred by separately finding him guilty of these two specifications. In response, the government asserts appellant affirmatively waived the problem: "Defense counsel's *assertion that appellant had no multiplicity motion* in response to the military judge's advisal about 'any motions to dismiss or grant other appropriate relief' was an intentional relinquishment of his multiplicity claim." (emphasis added).

This passage causes us to briefly return to the authenticated record's substantially verbatim transcript:

> MJ: [Appellant], how do you plead? Before receiving your plea, I advise you that any motions to dismiss or grant other appropriate relief should be made at this time. Your defense counsel will speak for you.
>
> DC: Your Honor, just preserving the Article 13 issue that we've . . . raised before, but the accused pleads as follows[.]

We reject the government's strained interpretation and discourage counsel from so loosely paraphrasing a record – especially a military judge's discussion with the parties. In any event, appellant did not affirmatively waive any multiplicity complaint; he forfeited it.

---

[2] Appellant was sentenced to 150 days of confinement for each Article 128, UCMJ, specification, to be served concurrently.

[3] Block 29 (whether DNA processing is required) of the "Statement of Trial Results" was incorrectly marked "No." In accordance with *United States v. Williams*, __ M.J. __, 2024 CAAF LEXIS 501 (C.A.A.F. 7 May 2024), we lack the authority to modify Block 29. We do, however, note the discrepancy for the record.

[4] We have given full and fair consideration to appellant's other assigned error and the matters appellant personally raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find them to be without merit.

Applying this court's recent precedential treatment of multiplicity in *United States v. Malone*, __ M.J. __, 2025 CCA LEXIS 75 (Army Ct. Crim. App. 25 Feb. 2025), appellant's separate Article 128, UCMJ, convictions were plainly multiplicious, warranting merger.

Reassessing the sentence under *United States v. Winckelmann*, 73 M.J. 11, 12 (C.A.A.F. 2013), we are confident, even with merged specifications, the military judge would have imposed the same sentence.

## CONCLUSION

On consideration of the entire record, Specifications 1 and 2 of The Charge are merged as follows:

> In that [appellant], U.S. Army, did, at or near Fort Irwin, California, on or about 28 July 2022, commit an assault upon [the victim], by unlawfully striking her on her face with his hand and by unlawfully pushing her to the ground with his hand.

The finding of guilty to Specification 1 of The Charge, as merged, is AFFIRMED. The finding of guilty to Specification 2 of The Charge is SET ASIDE and that specification is DISMISSED; the corresponding segmented sentence to confinement for the now dismissed Specification 2 of The Charge is SET ASIDE. The sentence to a bad-conduct discharge, 150 days of confinement, and a reprimand, is AFFIRMED.

Senior Judge FLEMING and Judge SCHLACK concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

3