*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
HARRELL, de GROOT and KORN

_____

**UNITED STATES**
*Appellee*

**v.**

**Beto L. VALDEZ, Jr.**
Sergeant (E-5), U.S. Marine Corps
*Appellant*

**No. 202300141 (f rev)**

_____

Decided: 30 October 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary
*upon remand from the Court of Appeals for the Armed Forces*

Military Judge:
Andrea C. Goode

Sentence adjudged 14 February 2023 by a general court-martial convened at Marine Corps Base Camp Pendleton, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-1, confinement for 36 months, and a dishonorable discharge.[1]

For Appellant:
*Lieutenant Commander Benjamin E. Doskocil, JAGC, USN*

For Appellee:
*Lieutenant Michael A. Tuosto, JAGC, USN*
*Lieutenant Lan T. Nguyen, JAGC, USN*

_____

[1] Appellant was credited with 137 days of pretrial confinement.

_____

**This opinion does not serve as binding
precedent, but may be cited as persuasive
authority under NMCCA Rule of Appellate
Procedure 30.2.**

_____

PER CURIAM:

This case is before us upon remand from the Court of Appeals for the Armed Forces (CAAF), which affirmed our decision as to the findings, but set aside our decision as to the sentence.[2]

## I. BACKGROUND

Appellant was charged with four specifications of domestic violence in violation of Article 128b, Uniform Code of Military Justice (UCMJ) and one specification of sexual assault in violation of Article 120, UCMJ.[3] He ultimately pleaded guilty to three specifications of violating Article 128b in accordance with a plea agreement with the convening authority. Appellant filed an appeal with this Court arguing that the military judge abused her discretion in sentencing when she allowed the victim to make an unsworn statement that exceeded what was allowed under the Rule for Courts-Martial (R.C.M.)1001(c). This Court found the military judge did not abuse her discretion in allowing the victim to discuss matters that showed a continuing course of conduct and put Appellant's offenses into context, and even if an abuse of discretion was found, there was no prejudice to Appellant.[4]

Appellant appealed this decision to the CAAF. In light of its decision in *United States v. Campos*, CAAF affirmatively answered Appellant's petition and found that the military judge abused her discretion in allowing the victim impact statement to contain descriptions of incidents of domestic violence and

---

[2] *United States v. Valdez*, 85 M.J. 409 (C.A.A.F. 2025) (mem.).

[3] 10 U.S.C. §§ 928b and 920.

[4] *United States v. Valdez*, No. 202300141, 2024 CCA LEXIS 393 (N-M. Ct. Crim. App. September 26, 2024) (unpublished). This Court found no prejudice based on the strength of the evidence provided in the Government's case in aggravation and the relatively weak evidence admitted in Appellant's sentencing case, as well as the military judge's statement that the victim impact statement was a matter for consideration and not evidence. *Id.* at *12-13.

sexual assault to which Appellant had pleaded not guilty.[5] The CAAF affirmed the findings and set aside the sentence, sending the case back to this Court to either reassess the sentence or to order a sentence rehearing.[6]

## II. DISCUSSION

The CAAF found that in light of *Campos,* the military judge abused her discretion; however, unlike in *Campos,* the CAAF, in its brief disposition decision, did not make a finding as to whether the error was prejudicial to Appellant.[7] Because the CAAF did not ask this Court to determine if the error was prejudicial to Appellant in accordance with *Campos,* we are forced to presume that the CAAF found prejudice occurred as a result of the error, as we are now only directed either to reassess the sentence, or to order a sentence rehearing.

To determine if we can reassess the sentence, we consider the totality of the circumstances, including the illustrative factors set forth in *United States v. Winckelmann.*[8] The general penalty landscape and exposure have not changed; Appellant's sentence was adjudged by a military judge in accordance with a plea agreement; the aggravating evidence and the portions of the victim impact statement discussing only the offenses to which Appellant pleaded guilty have not changed; and we have the requisite experience to reliably determine what sentence would have been imposed at trial absent this error. The error described above that occurred in this case does not require a rehearing if we can determine that "absent any error, the sentence adjudged would have

---

[5] *Valdez*, 85 M.J. at 409. In *United State v. Campos*, the CAAF found that victim impact is restricted to two elements: the offenses for which the accused has been found guilty and the impact of those offenses on the victim, and any discussion or "accusations" of uncharged misconduct was not victim impact under R.C.M. 1001(c)(2)(B). 85 M.J. 310, 315 (C.A.A.F. 2025). Inclusion of accusations or discussion of uncharged misconduct in the victim impact statement violated R.C.M. 1001(c)(3). *Id.*

[6] *Valdez*, 85 M.J. at 409.

[7] *See id.* In *Campos*, the CAAF, after finding that the victim impact statement violated R.C.M. 1001(c), determined that there was no prejudice using the test as stated in *United States v. Hamilton*, 78 M.J. 335, 343 (C.A.A.F. 2019) and applied it to the victim impact statement. *Campos*, 85 M.J. at 316.

[8] 73 M.J. 11 (C.A.A.F. 2013). The *Winckelmann* factors are: (1) is there a dramatic change in the penalty landscape and exposure; (2) whether an appellant chose sentencing by a military judge or members; (3) whether the nature of the remaining offenses capture the gravamen of criminal conduct and whether significant or aggravating circumstances addressed at the court-martial remain admissible and relevant to the remaining offense; and (4) whether the remaining offense are of the type that judges of this Court have the experience and familiarity with to reliable determine what sentence would have been imposed at trial. *Id.* at 12.

been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error."[9] Applying the above analysis to our consideration of the entire record, to include the plea agreement, we are convinced that absent the error, Appellant would have received total confinement of 36 months, reduction to paygrade E-1, and a dishonorable discharge.[10] We further determine this to be an appropriate sentence for the offenses to which Appellant has pleaded guilty.

### III. CONCLUSION

The sentence as reassessed is **AFFIRMED.**[11]

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[9] *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986).

[10] We considered each offense in turn and determined 24 months each for Specification 1 and 2 and 36 months for Specification 4 would have been adjudged, to run concurrently for a total of 36 months confinement.

[11] Articles 59 and 66, UCMJ.